Luther E. SMITH, Appellant,

v.

Theo B. WEINDORFF, Appellee.

No. 6010.

Court of Civil Appeals of Texas.
Beaumont.

Jan. 12, 1956.

Carroll & MeGee, Houston, for appellant.

Burch Downman, Houston, for appellee.

R. L. MURRAY, Chief Justice.

This is an appeal from a judgment in the District Court of Montgomery County in a suit arising out of the collision of two motor trucks at a highway intersection.

Appellee Weindorff was driving his own truck in a southerly direction on the Conroe-Decker Road. The truck of the appellant, defendant in the trial court, was being driven in a westerly direction on the Huffsmith-Ventura Road by an agent of appellant Smith. Smith's truck was struck on its right-hand side of the rear of the cab and Weindorff's truck was damaged largely on its left front end. Weindorff received extensive and serious physical injuries in the wreck, for which the jury by its verdict awarded him $25,000. He also was awarded $869.89 for damages to his truck and also the sum of $788.80 for medical, surgical and hospital expenses.

·The jury by its verdict found that the driver of Smith's truck was operating it at a greater rate of speed than a prudent person should have operated it, that this was negligence and a proximate cause of the collision; that the driver of Smith's truck failed to yield the right of way to Weindorff, that this was negligence and a proximate cause of the collision; that the driver of Smith's truck failed to keep a proper lookout and that this was negligence and a proximate cause of the collision.

The jury by its verdict also acquitted Weindorff of driving his truck at an excessive rate of speed. It did not find that Weindorff entered the intersection after the other truck had entered the intersection. It also did not find that Weindorff failed to apply his brakes properly and at the proper time. It also did not find that Weindorff failed to keep a proper lookout.

The court rendered judgment on the verdict in favor of appellee against the appellant for $26,658.69. The appellant has duly perfected his appeal after his motion for new trial was overruled.·

Appellant brings his appeal under four Points of Error. We think it necessary to discuss in detail only appellant's second point, which complains of the trial court's action in refusing to receive the verdict of the jury as first tendered to the court, and instructing the jury that such verdict contained a conflict in the answers to two groups of special issues. The jury first returned in to court a verdict which found in answer to Special Issues 25, 26 and 27 of the court's charge that the vehicle driven by appellee Weindorff entered the intersection after the milk truck of appellant Smith had entered it, that such action was negligence and was a proximate cause of the collision. The trial judge declined to receive the verdict and instructed the jury that their answers to such issues were in conflict with their answers to Special Issues Nos. 6, 7 and 8, by which the jury answered that the driver of appellant's milk truck failed to yield the right of way to the appellee, that this was negligence and a proximate cause of the collision. The appellant objected to the action and instruction, contending that no conflict in the issues existed. The jury retired and changed their answers to Special Issues 25, 26 and 27. The verdict then returned was accepted by the court showing a finding to Issue No. 25 that the jury did not find that the Weindorff vehicle entered the intersection after Smith's milk truck had entered the intersection. Special Issues Nos. 26 and 27 were not answered by the jury, after their finding of "No" in answer to Issue No. 25.

We think the learned trial court was in error in concluding that the answers of the jury first returned to the court in answer to Special Issue No. 25, that the

appellee's truck entered the intersection after appellant's truck did, was in conflict with the jury's finding in answer to Special Issue No. 6 to the effect that the driver of appellant's truck failed to yield the right of way to Weindorff. The appellee says that the finding by the jury that the driver of appellant's truck failed to yield the right of way at the intersection could mean only that the operator of appellant's truck did not enter the intersection first. He argues that if appellant's milk truck did not enter the intersection first then it must have entered after appellee's vehicle. He points out then that the jury's first answer to Special Issue No. 25 was directly in conflict with this answer, because it would have found that Weindorff entered the intersection after Smith's truck entered it. We do not believe that the jury's finding in answer to Special Issue No. 6 must be regarded as finding only that appellant's milk truck did not enter the intersection first. The driver of appellant's milk truck could have been negligent in failing to yield the right of way to Weindorff and his truck for various other reasons than that based on the fact of not entering the intersection first. From the evidence the appellee Weindorff's vehicle was approaching Smith's truck from its right, and if both trucks were approaching the intersection at approximately the same time the driver of Smith's truck could have been found negligent for failure to yield the right of way to the vehicle approaching from his right. It cannot be disputed that both trucks were approaching this intersection at approximately the same time because they collided in the intersection. From other findings by the jury, which are supported by the evidence, appellant Smith's truck was being driven at too high a rate of speed as it approached the intersection and the driver of such truck failed to keep a proper lookout for vehicles traveling on the intersecting road; that the driver of appellant Smith's truck failed to keep his truck under proper control. Failure to yield the right of way might have been found negligent because of any or all of these other facts found. The finding, therefore, in answer to Special Issue No. 6 that the driver of appellant's truck failed to yield the right of way to appellee's truck was not a finding that he entered the intersection after Weindorff entered it, and such finding was not in conflict with the answer to Issue 25 tendered by the jury.

The tendered verdict by the jury, which was not accepted by the court, appears to us more in the nature of a verdict which convicted the appellant, the defendant in the trial court, of various acts of negligence and also convicted the appellee, the plaintiff in the trial court, of contributory negligence. Such findings are not unusual in collision cases, and the mere fact that a finding of contributory negligence on the part of the plaintiff was made would not prevent the trial judge from entering a judgment on the verdict. The general rule as stated in Little Rock Furniture Manufacturing Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, is that, "A conflict is fatal only when each party, by relying upon one or more of the conflicting findings having support in the evidence, together with the balance of the verdict, and ignoring the findings in conflict therewith, might insist that he is entitled to judgment." McDonald's Texas Civil Practice, Vol. 3, Sec. 15.06. Such a rule can have no application to such findings as are here presented in a collision case in which the plaintiff is convicted of contributory negligence. The jury's answers here to Special Issues Nos. 6, 7 and 8 would have been sufficient to support a judgment in the plaintiff-appellee's favor if the finding in answer to Special Issues 25, 26 and 27 were disregarded. On the other hand, the jury's first answers to Special Issues Nos. 25, 26 and 27 would have required a judgment in favor of the defendant, whether the answers to Issues Nos. 6, 7 and 8 were disregarded or not. As pointed out in many cases the question of negligence and proximate cause in regard to the question of yielding the right of way at intersections is always relative. "One may have the right of way and yet be negligent in failing to yield it to another under certain circumstances." See Duplantis v. Martin, Tex. Civ.App., 266 S.W.2d 179.

It must not be implied from the above holding that we have any doubt as ·to .the correctness of ·the jury's finding as finally accepted by the court that Weindorff had not entered the intersection after Smith's truck had entered it. The evidence was in conflict and was sufficient to support this latter finding. We are merely holding that there was no conflict in the answers of the jury as found by the trial court when a verdict was first tendered by the jury.

■ The appellant in his brief says that because of the trial court's refusal to receive the first verdict he was deprived of a judgment in his favor, and prays that the judgment be reversed. and rendered in his favor here. While we believe that the error of the trial court in causing the jury to change its findings to avoid conflict was error which requires a reversal of the judgment, we cannot render judgment for the appellant here. If the tendered verdict had been received by the trial court, the appellee here probably had complaints to urge to the trial court in the nature of a motion for new trial, and these, of course, have not been presented nor determined. To render judgment, as prayed for by the appellant, would deprive the appellee of his opportunity to complain of matters which transpired on the trial. We think that the record requires that the cause be remanded for a new trial.

■ The other points presented by the appellant present no serious questions. Under his first point he complains of the action of the trial court in submitting in its charge Special Issue No. 6, which inquired of the jury, "Do you find from a preponderance of the evidence that the driver of the milk truck failed to yield the right of way to the plaintiff Theo B. Weindorff?" His objection was that the issue was not an ultimate issue in the case and had no support in the pleadings. The defendant below has pleaded in his petition in detail the position of the trucks and many circumstances surrounding the collision of the two trucks. In one of his allegations of negligence he referred in his petition to Article 801(E), Texas Penal Code. This Article has been repealed by Article 6701d, § 71(a), Revised Civil Statutes of Texas, Vernon's Ann.Civ.St., but we believe that this issue as worded was not subject to appellant's objection that it was not an ultimate issue and had no support in the pleadings and this point is overruled.

■ The appellant's third point complains of the submission of Special Issue No. 37 which inquired of the jury what sum of money would compensate plaintiff Weindorff for repairs to his truck. The objection was that it had no support in the pleadings. The amended original petition alleged a $1,500 loss in market value of the truck, but it did not contain any specific pleading as to the cost of repairs. The record shows that a trial amendment was offered to cover the lack of pleading as to reasonable and necessary cost of repairs. However, we do not find a trial amendment in the transcript. Since the amount of damages to appellee's truck was a comparatively small part of the judgment, we would not reverse the case on this point alone but would probably enter a remittitur of the amount awarded in the judgment if the judgment were. affirmed. Since there must be another trial of the case the appellee should amend his pleadings so as to include an allegation. as to the cost of repairs and as to the loss in value, if any, of his truck even after repairs were made. See Herrin Transfer & Warehouse Co. v. Carter Produce Co., Tex.Civ. App., 50· S.W.2d 458; . Hodges v. Alford, Tex.Civ.App., 194 S.W.2d 293.

■ Defendant's fourth point of error is "The trial court erred in entering judgment for plaintiff." This point of error and the statement thereunder present nothing for consideration.

For the error of the court in holding that a conflict existed in the verdict originally tendered by the jury, as discussed above, judgment is reversed and the cause is remanded for a new trial.