"Q. Did Louise Fryer say anything? A. Yes, Sir, she said: 'Oh Frank, please don't kill me, don't kill me.'"

Appellant testified that he was some two miles away when he heard the statement of Mrs. Fryer, after which he "heard rumbling in the house and I heard voices and I couldn't very well make out what they were." "At that particular moment, I said on the telephone which I knew she could not have heard, I said 'Wait, and run into the street, until I get there, and I'll pick you up and carry you to the police station and have an indictment returned against him (her husband)'"; that he was afraid for her life; that when he got there, Fryer and his wife were in the middle of the street, and Fryer was hitting her "in the temple of the mole of her head" with a pistol; that he said "Fool, you had better shove him and run, because he's going to blow your brains out"; that Fryer didn't say a word; Mrs. Fryer was "coming in my general direction" when he shot—"I shot him when he leveled down * * * the pistol. * * * I was still in the car."

Appellant further testified that he re-loaded the gun and "was making my advance to get the gun" and fired another shot accidentally when Mrs. Fryer caught the barrel of the shotgun and was "swinging me around." He also testified that he fired a third shot which was also accidental.

■ The jury rejected appellant's claim of self defense and defense of Mrs. Fryer, and his plea for suspension of sentence. We find the evidence sufficient to sustain the jury's verdict and overrule the contention that the evidence shows that the killing was justifiable as a matter of law. See Owens v. State, Tex.Cr.App., 323 S.W. 2d 260.

■ We find no error in the admission of evidence to the effect that the injured party had an incapacity in his left arm, and that appellant's physical condition was good. Jones v. State, 153 Tex.Cr.R. 345, 220 S.W.2d 156.

 If under the facts such testimony was not admissible as bearing upon the issue of self defense, appellant is in no position to complain because like evidence was offered without objection. McCaine v. State, Tex.Cr.App., 211 S.W.2d 190; Duhart v. State, Tex.Cr.App., 319 S.W.2d 109; Morris v. State, Tex.Cr.App., 330 S.W.2d 197; Allen v. State, Tex.Cr.App., 327 S.W.2d 765; and Crocker v. State, Tex.Cr.App., 336 S.W.2d 171.

Remarks of counsel for the state during the introduction of evidence complained of should not have been made, but in view of the evidence are not deemed of such prejudicial nature as to warrant reversal.

The judgment is affirmed.

**TEXAS EMPLOYERS' INSURANCE ASS'N, Appellant,**

v.

**A. A. McNEELY, Appellee.**

**No. 7013.**

Court of Civil Appeals of Texas.

Amarillo.

Jan. 16, 1961.

Rehearing Denied Feb. 13, 1961.

Crenshaw, Dupree & Milam, Lubbock, for appellant.

Huff, Splawn & Bowers, Lubbock, for appellee.

NORTHCUTT, Justice.

This is a workmen's compensation case. In the trial court, judgment was rendered in favor of the employee, appellee here, against the appellant for the sum of $12,-468.31 on a finding of total and permanent incapacity. From that judgment appellant perfects this appeal.

This appeal is presented upon nine points of error and are summarized by appellant as follows:

"The trial court's definition of the terms 'total incapacity,' 'partial incapacity' and 'average weekly wage earning capacity' were improper under the law, and the court below erred in overruling Appellant's objections to such definitions and to the charge as a whole."

In the first four points of error, the appellant complains of the definition given by the trial court of the term total incapacity. In submitting the issue of total incapacity the trial court asked the following question together with the definition of total incapacity as follows:

"Special Issue No. 4

"Do you find from a preponderance of the evidence that the plaintiff, A. A. McNeely sustained total incapacity, if any, for any length of time as a natural result of the accidental personal injuries to his neck and right shoulder if any, sustained by him on or about March 13, 1959?

"By 'total incapacity' as used herein does not imply an absolute disability to perform any kind of labor, but a person disqualified from performing the usual tasks of a workman to such an extent that he is unable to procure and retain employment is ordinarily regarded as being totally incapacitated or totally disabled.

" 'Natural result' as used herein means a result occurring in the ordinary course of events.

"Answer 'Yes' or 'No'."

The jury answered the issue "yes".

We are unable to see any error in such a definition but think it is the standard definition of that term. Texas Employers' Ins. Ass'n v. Mallard, 143 Tex. 77, 182 S.W.

2d 1000 by the Supreme Court and cases there cited.' Texas Employers' Ins. Ass'n v. Vineyard, Tex.Civ.App., 316 S.W.2d 156; Texas Employers' Ins. Ass'n v. Logsdon, Tex.Civ.App., 278 S.W.2d 893. Appellant's first four points of error are overruled.

█ Under points of error five and six appellant complains of the definition of partial incapacity as given by the trial court. The trial court's definition was as follows:

"By the term 'partial incapacity' as used herein means any degree of incapacity to work, less than total incapacity, as defined herein, and shall mean where an employee by reason of injury sustained in the course of his employment is only able to perform part of the usual tasks of a workman, but nevertheless, is able to procure and retain employment reasonably suitable to his physical condition and ability to work, or is only able to perform labor of a less remunerative class than he performed prior to his injury, whereby he suffers a depreciation or reduction in his earning capacity."

Practically the same definition was involved in the case of Southern Underwriters v. Schoolcraft, 138 Tex. 323, 158 S.W.2d 991, 994 by the Commission of Appeals and adopted by the Supreme Court where the court stated:

"In the charge partial incapacity was defined as follows: 'Further, that the term, "partial incapacity," as used herein has the following meaning: it shall mean where an employee by reason of injury sustained in the course of his employment is only able to perform part of the usual tasks of a workman, but, nevertheless, is able to procure and retain employment reasonably suitable to his physical condition and ability to work, or is only able to perform labor of a less remunerative class than he performed prior to his injury whereby he suffers a depression or reduction in his earning capacity.'

"We find it unnecessary to set out the objections leveled at the definition for the reason that similar objections were made to substantially the same definition in the case of Traders & General Insurance Co. v. Wright, Tex. Civ.App., 95 S.W.2d 753. The Court of Civil Appeals in that case approved the definition. Writ of error was granted and our opinion in the case is reported in 132 Tex. 172, 123 S.W.2d 314, 317. In disposing of the question presented as to the correctness of the definition of partial incapacity the following language was employed:

" 'We are in accord with the holding of the majority opinion upon the questions involved in the other assignments, including its holding upon the assignment questioning the correctness of the definition of partial incapacity.'

"[7] In view of that holding we shall not reexamine the question, but upon the authority thereof overrule the assignment complaining of the definition in the instant case."

See also Texas Employers' Ins. Ass'n v. Vineyard, Tex.Civ.App., 316 S.W.2d 156. Appellant's points five and six are overruled.

█ In submitting the case to the jury the court asked if appellee sustained total incapacity. The jury answered yes and then found the total incapacity was permanent. The jury was also asked if appellee had sustained or would sustain partial incapacity and the jury answered no. It is true the jury was asked if such partial incapacity, if any, they had found was permanent or temporary and the jury answered permanent. Since the jury had answered there was no partial incapacity, we think the answer that it was permanent would be surplusage and of no effect.

█ Based upon the assumption that if the jury should answer that the appellee

was partially disabled the court submitted this issue:

"Special Issue No. 12

"What do you find from a preponderance of the evidence to be the difference between plaintiff's average weekly wages before his injury, if any, and his average weekly wage earning capacity during the existence of such partial incapacity, if any?

"Answer in Dollars and Cents, if any."

This issue was not answered and was submitted to the jury to be answered only if Issue 8 was answered yes and since the jury had answered Special Issue 8 that there was no partial incapacity, Special Issue 12 was not to be answered. However, in connection with such issue in defining the term average weekly earning capacity the court gave the following definition:

"By the term 'average weekly earning capacity,' is meant that amount that the plaintiff can reasonably be expected to regularly earn in some type of employment reasonably suitable to his physical condition and ability to work, or the amount he can reasonably be expected to regularly earn in a type of employment of a less remunerative class than he performed prior to his injuries."

By appellant's points of error seven and nine it is contended such definition was erroneous because of the use of the word regularly. We are of the opinion that since the jury answered that appellee sustained total incapacity that if the charge concerning the average weekly wage earning capacity during the existence of such partial incapacity was error, it would be a harmless error since there was no finding of partial incapacity. Appellant's points seven and nine are overruled.

Appellant's point eight is to the same effect as other points above mentioned except it is a general point complaining of the definition of total incapacity, partial incapacity, and average weekly wage earning capacity. What we have said above we think disposes of this general exception. Appellant's point eight is overruled.

Judgment of the trial court is affirmed.