**ROBERTSON TANK LINES, INC., et al.,**
Appellants,

v.

**J. A. SAWYER, Appellee.**

No. 285.

Court of Civil Appeals of Texas.

Corpus Christi.

May 31, 1967.

Rehearing Denied June 29, 1967.

James W. Mehaffey, of Keith, Mehaffey & Weber, Beaumont, for appellants.

Fred Galindo, of Hardy, Galindo & Sharpe, Brownsville, for appellee.

## OPINION

GREEN, Chief Justice.

This is a common law damage suit for personal injuries alleged to have been sustained by plaintiff-appellee in a collision between his car and a tank truck owned by defendant-appellant Robertson Tank Lines, Inc. and being driven in the course of his employment by its employee, defendant-appellant Briones. After the parties had closed their evidence, the case was duly submitted to the jury on issues of negligence of the defendants, contributory negligence of plaintiff, and damages. The jury, after due deliberation, announced to the court that they were ready to report. Thereupon, the jury being in open court, with the judge, the parties and their counsel present, the court asked the jury whether they had reached a verdict, to which the foreman replied that they had, and the verdict, signed by the foreman, was delivered to the court and the answers to all issues read aloud in open court. There was no request for a poll of the jury. After having read the answers, the trial court without accepting the verdict and before excusing the jury, retired into a consulta-tion room with the attorneys for both parties to discuss with them the matter of a possible conflict in certain answers.

The jury had answered all issues of contributory negligence favorable to plaintiff. All issues of primary negligence of the defendants were answered favorably to defendants except that the jury found from a preponderance of the evidence, in answer to special issues eleven, twelve and thirteen, that (11) defendant truck driver on the occasion in question failed to timely apply the brakes of the truck, (12) which failure was negligence, and (13) which negligence was a proximate cause of the collision in question.

In answer to issue No. 21, the jury found from a preponderance of the evidence that immediately prior to the collision in question Briones, the truck driver was faced with a sudden emergency, and, to issue No. 22, that acting upon such sudden emergency Briones thereafter used the degree of care which a person of ordinary prudence would have used under the same or similar circumstances, taking into account the existence of such sudden emergency. The term "sudden emergency" was defined to mean "an emergency which arises suddenly and unexpectedly, without having been proximately caused by any negligence on the part of Felix Briones and which called for immediate action on his part without time for deliberation."

In the conference between the court and counsel, the attorneys for plaintiff argued that there was no irreconcilable conflict between the answers to issues 11, 12, and 13 on the one hand, and issues 21 and 22 on the other, while defense counsel contended that there was such conflict. We copy from the judgment the specific findings of the court as to what next occurred:

"The Court was of the opinion at that juncture of the trial that since there might be a conflict in the findings of the verdict in its then form and since the Jury was still in the Jury Box available for further determination, the Jury's

attention should be called to the apparent conflict between its Answers to said Special Issues Numbers 11, 12, and 13 and Special Issues Numbers 21 and 22 for the Jury's further deliberations. The Court was further of the opinion at that time that, in the absence of objection by the parties, the referral of the verdict to the Jury for further deliberations could be done without prejudice to any of the rights of the respective parties and that a full study of the legal points involved with respect to the verdict in its then form and as finally received and filed could be postponed for later decision in the Final Judgment as Plaintiff and Defendant might be entitled to rights or judgment by virtue of either of the findings of the jury.

"The Court then and there communicated his opinions and suggested procedure to the attorneys for the Plaintiff and Defendant and, no objection being made, the Court and attorneys then returned to the Courtroom and the jury was instructed by the Court that there was a conflict between Special Issues 11, 12, and 13, and Special Issues 21 and 22, and the Court and counsel then retired from the jury deliberating room, which was held in the *courtoom* and the jury proceeded to deliberate further upon said Special Issues and thereafter announced to the Court that they were ready to return a verdict and the verdict was returned and filed as follows:"

All answers previously made were unchanged except the answer to special issue No. 13, which was changed from "we do" to "we do not", so that the jury answered that they did not find from a preponderance of the evidence that the negligence of the truck driver in failing to timely apply the brakes was a proximate cause of the collision. Accordingly, this verdict did not find any negligence of defendant to be the proximate cause of the collision.

This verdict was delivered in open court by the foreman to the court, the answers to issues 11, 12, 13, 21 and 22 were read aloud in open court, there was no request to poll the jury, the jury was discharged, and the verdict was delivered by the court to the clerk for filing, and is incorporated in the court's judgment.

Both parties filed motions for judgment, defendant's motion being based on the verdict as finally accepted and filed by the court, and plaintiffs styled a motion for judgment non obstante veredicto, asking for judgment on the jury's answers as originally brought in. The court overruled defendant's motion, and granted plaintiffs, stating as his reasons therefor "* * * because the Court is now of the opinion that there was no conflict in the Answers contained in the verdict as originally delivered to the Court, that Plaintiff would have been entitled to Judgment upon such original verdict and the Plaintiff did not waive his right to such judgment by the Court's action in requesting further Jury deliberations as above set out."

"It is, therefore, ORDERED that Defendant's Motion for Entry of Judgment on the Verdict is hereby overruled; and Plaintiff's Motion for Judgment Non Obstante Veredicto is hereby granted."

The appellants by their first ten points of error take the three-fold position:

(1) There is, and there can be, only one verdict. At any time until the Court receives the verdict, and the parties have an opportunity to poll the jurors, there is no verdict, and the jury may change its answers to the Special Issues.

(2) Whether or not there was conflict in the answers as initially returned by the jury, the Court did not commit error by sending the jury back for further deliberations.

(3) Once the jury did change its answers, and once the verdict was received, the Court was under a duty to enter a judgment thereupon as a ministerial act; even if the Court committed error by sending the jury back, it was improper

to cure that error by granting a motion for judgment non obstante veredicto.

██ The findings of the jury that the defendant truck driver was guilty of negligence proximately causing the collision in response to issues 11, 12, and 13 were not in irreconcilable conflict with its findings of sudden emergency, issues 21 and 22, and absent findings that the emergency constituted the *sole* proximate cause of the collision the specific findings of negligence override the general emergency finding, and the emergency issues should have been disregarded in rendering judgment. Stephens v. McCarter, Tex.Civ.App., 355 S.W.2d 93, n. w. h.; Prasek v. Dudley, Tex.Civ.App., 395 S.W.2d 876, writ ref. n. r. e.; Missouri Pacific Railroad Company v. Young, Tex. Civ.App., 403 S.W.2d 898, n. w. h.; Mrs. Baird's Bakeries, Inc. v. Roberts, Tex.Civ. App., 360 S.W.2d 850, writ ref. n. r. e.

However, in deciding whether the judgment entered should be permitted to stand, the question before us is not whether the trial court erred in sending the jury back for further consideration, but is whether the answers of the jury as originally returned into court became and constituted the final verdict of the jury upon which the court was justified in rendering judgment.

██ In De Busk v. Cadenhead, 346 S.W. 2d 145, 148, Tex.Civ.App., wr. ref. n. r. e., the court stated the rule as follows:

" * * * A verdict does not become an official act and effective in law until it is received and accepted by the Court, and before this time and up to the time of tender and acceptance, any juror may dissent therefrom."

See, also, Lee v. Galbreath, Tex.Civ.App., 234 S.W.2d 91, n. w. h.; Wheeler v. Oxford, Tex.Civ.App., 321 S.W.2d 188, n. w. h.; State v. Finch, Tex.Civ.App., 349 S.W.2d 780, n. w. h.; Sharp v. Reynolds, Tex.Civ. App., 395 S.W.2d 725, n. w. h. Rule 294, Texas Rules of Civil Procedure.

██ The trial court did not accept the verdict as originally returned by the jury, and until the court did receive and accept the verdict, any juror could dissent therefrom. Counsel for the appellee did not raise any objections to the action of the trial court in returning the charge to the jury for further deliberation with instructions of a conflict in certain of their answers as heretofore stated. The case therefore was still with the jury, and the facts show that, prior to any acceptance of a verdict by the court, the jurors did change their minds as to issue No. 13. The verdict as finally returned, containing no findings of negligence of the defendant proximately causing the collision, was accepted and ordered filed by the court. There can be only one final verdict in a trial, and in our judgment the final verdict in this case was the one which was received and accepted by the trial court, and ordered filed by him.

We hold that the court erred in rendering judgment for plaintiff-appellee, and that such judgment should be reversed.

██ Although we have heretofore stated that the matter of error of the trial court in sending the jury back for further consideration of their verdict is not decisive on the issue of reversal, we do believe that it should be considered in deciding whether the case should be rendered for appellant, or remanded for new trial. The improper instructions given the jury that there was a conflict between their answers to issues 11, 12 and 13 on the one hand, and issues 21 and 22 on the other may very likely have led to the change in the jury's answer to issue 13. We feel that in the interest of justice to all parties, the cause should be remanded for a new trial. Dahlberg v. Holden, 150 Tex. 179, 238 S.W.2d 699 (1951); Rule 434, Texas Rules of Civil Procedure.

We have considered all points of appellant of factual insufficiency of the evidence to support the findings of the jury in answer to certain special issues specified in such points, and overrule same. Since the judg-

ment is to be reversed, we see no reason to discuss these points in further detail, other than to state that we find the evidence to be factually sufficient to support the jury's findings, and that such findings are not against the great weight and preponderance of the testimony.

Reversed and remanded.