HARRIS COUNTY, Texas, Appellant,

v.

Russell PATRICK, et al., Appellees.

No. 9033.

Court of Appeals of Texas,
Texarkana.

April 27, 1982.

Mike Driscoll, County Atty., David R. Hurley, Asst. County Atty., Houston, for appellant.

W. James Kronzer, Kronzer, Abraham, Watkins, Nichols, Ballard & Friend, Houston, for appellees.

BLEIL, Justice.

This is a personal injury case. Harris County appeals from a judgment on a jury verdict awarding damages for injuries sustained by Felix Patrick when he fell on pipe laid by the County in a road drainage ditch.

Harris County urges three points of error. First, it contends that the trial court erred in determining that there was a conflict in the jury's answers as originally returned. We agree. We hold that only an apparent conflict actually existed. Second, it contends that the trial court erred in entering judgment based upon the "second verdict" of the jury. We disagree because there is only one final verdict. It is the verdict received and accepted by the trial court. *McCarty v. Morrison*, 468 S.W.2d 350 (Tex. 1971); *Robertson Tank Lines, Inc. v. Sawyer*, 416 S.W.2d 886 (Tex.Civ.App.—Corpus Christi 1967, no writ). The judgment here is based on the verdict accepted by the court. Third, it contends that the trial court abused its discretion in not entering judgment based upon the original verdict. We disagree. When the trial court, in an effort to insure a just, fair and impartial adjudication of the rights of the litigants, requests a jury to deliberate further on apparently conflicting findings, we see no abuse of discretion even though the findings actually are not legally conflicting. Rules 1 and 295, Tex.R.Civ.P. We affirm the trial court's judgment.

Russell Patrick and Katherine Patrick brought suit on behalf of Felix Patrick, a minor, for injuries sustained when he fell on some pipe laid in a Harris County drainage ditch. The events germane to this appeal began when the jury returned to the courtroom to report it had reached a verdict. The trial court read aloud each issue and response and the ten jurors who had agreed on the issues affirmed their answers.

The trial court removed the jury from the courtroom and expressed a concern that there was a conflict in the jury's answers. The court indicated that if a conflict did exist the verdict would not be accepted. The concern of the court centered on the jury's responses to the issues about proximate cause.

The jury found that Harris County was negligent in failing to erect barricades warning of a dangerous condition, but failed to find that the negligence was a proximate cause of Patrick's injuries. The jury further found that Felix Patrick's negligence, and that of his parents, proximately caused his injuries. Special Issue 20 was conditioned upon the jury's finding negligence and proximate cause on the part of Harris County and Felix Patrick. Special Issue 25 was conditioned upon the jury's finding negligence and proximate cause on the part of Harris County, and Russell and Katherine Patrick. These were answered by the jury notwithstanding the fact it had failed to find that Harris County's negligence proximately caused the injuries.

After a discussion with the attorneys, the trial court brought the jury back in the courtroom and requested it to return to the jury room to consider the answers to issues concerning proximate cause and comparative negligence. No objection was made to this instruction. Thereafter, the court sent the following written communication to the jury:

> "Please continue your deliberations on Special Issues # 7, 20 and 25. After further consideration, it has been determined that no other issues need further deliberation at the Court's request."

Neither side objected to this written communication.

Special Issue 7 asked the jury whether it found that the negligence of Harris County in failing to erect barricades was a proximate cause of Patrick's injuries. The jury initially did not find proximate cause. Special Issue 20 asked the jury to compare the percentage of negligence of Felix Patrick and Harris County. Special Issue 25 asked

the jury to compare the negligence of Russell and Katherine Patrick and Harris County. The verdict, as ultimately returned by the jury and accepted by the court, found that the negligence of Harris County was a proximate cause of the injuries and, in the comparative negligence issues, found Harris County to have been 55% at fault.

■ We have indicated our agreement with Harris County's contention that the original answers of the jury were not conflicting. The jury specifically failed to find Harris County's negligence to be a proximate cause of the injuries, but did find causation generally. When the jury returned to court with its answers the trial court erroneously believed there was a conflict in the answers. There was no legal conflict. The initial jury responses contained an apparent or illusory conflict because the specific failure to find causation, and the general finding of causation could have been resolved. Had the verdict as initially returned been accepted the specific finding would control the general one. *Sproles v. Rosen*, 126 Tex. 51, 84 S.W.2d 1001 (1935); *Ingles v. Cohen*, 543 S.W.2d 455 (Tex.Civ.App.—Waco 1976, writ ref'd n.r.e.). Jury verdicts containing general findings and specific findings at variance are said to contain apparent or illusory conflicts. *Ingles v. Cohen*, supra; *Southern Pacific Transportation Company v. Allen*, 525 S.W.2d 300 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ). It is generally said that the trial court has the duty to reconcile apparent conflicts in a jury's verdict. *Ford v. Carpenter*, 147 Tex. 447, 216 S.W.2d 558 (1949). This duty relates to the trial court's action after a verdict is accepted.

■ Although the trial court might have initially accepted the verdict, and based its judgment on that verdict, it chose not to do so. Rather, the trial court determined that the jury's answers appeared to be in conflict. Therefore, the jury was requested to deliberate further on those issues which appeared to the trial court to be conflicting. The judge is the supervisor of court proceedings and our law does not contemplate that every jury will function perfectly. Therefore, broad discretion is vested in the trial judge to aid in administering and expediting the fact finding process. *Stevens v. Travelers Ins. Co.*, 563 S.W.2d 223 (Tex. 1978). The critical issue before us now is whether the trial court abused its discretion by instructing the jury to deliberate further.

■ The Texas Rules of Civil Procedure, specifically Rules 284 through 287, give the trial court certain instructions covering the time that the jury is in deliberation. Other rules concern the verdict. Rule 295, entitled Defective Verdict, provides in part that if the verdict is not responsive to the issue submitted or contains conflicting findings, the court shall call the jury's attention to that and send the jury back for further deliberation. The court here saw what appeared to be a conflict in the answers of the jury. The trial court, in further instructing the jury, was merely following Rule 295.

Rule 1, Texas Rules of Civil Procedure, provides that,

> "The proper objective of rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law. To the end that this objective may be attained with as great expedition and dispatch and at the least expense to both litigants and to the state as may be practicable, these rules shall be given a liberal construction."

We would be remiss in our duty if we held that the trial court's action did not comply with Rule 295 because the trial court, in the heat of the litigation process, did not quickly realize that the answers which it thought conflicted merely were in "apparent" conflict. Such an interpretation would frustrate the objective of the Rules of Civil Procedure as provided in Rule 1.

The conduct on the part of the trial court, which Harris County urges to have been an abuse of discretion, is similar to that of the trial court in the case of *Robertson Tank*

*Lines, Inc. v. Sawyer,* supra. There the trial court did not accept the verdict as originally returned by the jury. The court asked the jury to deliberate further with erroneous instructions that a conflict existed in certain of their answers. *Robertson* held that the case was still with the jury. Prior to any acceptance of a verdict by the court, the jurors did in fact change their minds. The court concluded, "There can be only one final verdict in a trial, and in our judgment the final verdict in this case was the one which was received and accepted by the trial court and ordered filed by him." This was quoted with approval in *McCarty v. Morrison,* supra.

Harris County did not object to the trial court's further instructing the jury to resume its deliberations, although the County believed no conflict existed in the jury's responses. Under the circumstances present in this case the trial court did not abuse its judicial discretion.

The judgment is affirmed.

CORNELIUS, Chief Justice, concurring.

I concur in the affirmance of the judgment only because appellant failed to clearly bring to the trial court's attention an objection to the court's action in sending the jury back for further deliberations based upon the supposed conflict in their answers. I would not sanction the trial court's action in refusing to accept a legal and valid verdict if proper objection had been made to that refusal. It is the trial court's duty to correctly determine if a verdict contains a real or only an apparent conflict and to act accordingly. If the conflict is only apparent and not real, the verdict should be accepted and judgment rendered upon it. Otherwise, the party favored by the unaccepted verdict is entitled to a new trial if the error is preserved by proper objection. *Texas Employers' Ins. Assn. v. King,* 346 S.W.2d 380 (Tex.Civ.App.—Amarillo 1961, writ ref'd n.r.e.); *Smith v. Weindorff,* 287 S.W.2d 740 (Tex.Civ.App.—Beaumont 1956, no writ); 3 McDonald's, Texas Civil Practice § 15.03.2, p. 601. If there is a conflict in the verdict but it is not

fatal, it is the court's duty to accept the verdict, resolve the conflict and render judgment. *Traywick v. Goodrich,* 364 S.W.2d 190 (Tex.1963); *Casualty Underwriters v. Rhone,* 134 Tex. 50, 132 S.W.2d 97 (1939); 3 McDonald's, Texas Civil Practice § 15.06.2, p. 607. If the conflict is irreconcilable, the court should advise the jury of the conflict and instruct them to deliberate further. Tex.R.Civ.P. 295. I would not agree that the trial court has the discretion to refuse to accept a valid verdict which he mistakenly believes is conflicting. See *Smith v. Weindorff,* supra, involving almost the exact situation involved here. *McCarty v. Morrison,* 468 S.W.2d 350 (Tex.1971), and *Robertson Tank Lines, Inc. v. Sawyer,* 416 S.W.2d 886 (Tex.Civ.App.—Corpus Christi 1967, no writ), do not stand for such a proposition, but only hold that there can be but one final verdict. Those cases did not address the right of a litigant to a new trial when the judge has improperly refused to accept a valid verdict. *Robertson Tank Lines, Inc. v. Sawyer,* supra at 889.