Affirmed and Opinion filed July 8, 2004









Affirmed and Opinion filed July 8, 2004.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01147-CV

____________

 

ELOISE MOORE, Appellant

 

V.

 

MEMORIAL HERMANN
HOSPITAL SYSTEM, INC. D/B/A MEMORIAL HERMANN SOUTHEAST HOSPITAL COMPANY, Appellee

 



 

On Appeal from the 234th
District Court

Harris County, Texas

Trial Court Cause No. 00-57134

 



 

O P I N I O N

Appellant Eloise Moore appeals from a
take-nothing jury verdict rendered against her and in favor of appellee
Memorial Hermann Hospital System, Inc. d/b/a Memorial Hermann Southeast
Hospital Company (AMHHS@).  This case arises from a dispute about a back
injury suffered by appellant during the course of her employment at MHHS.

Background








After working for MHHS for several weeks
as a food service attendant, appellant suffered a back injury during the course
of her employment on November 7, 1998. 
The injury allegedly occurred as a result of her efforts to pull a
large, fully-loaded food cart to one of the hospital=s patient
wings.  The morning following the injury,
appellant continued to experience back pain and sought attention at the MHHS
emergency room.  The hospital did not
take x-rays of appellant=s back during the November 8 visit.  The next day, November 9, appellant was still
suffering from back pain and visited a chiropractor=s office located
close to her home.  The chiropractor
diagnosed appellant as having suffered from an acute spinal strain.  Treatment for appellant=s injury was
ultimately handled by MHHS physicians because the hospital is a non-subscriber
to workman=s compensation insurance.  Appellant returned to her position at MHHS in
mid- December 1998, but was restricted to Alight duty.@  Appellant refused to perform tasks she
considered outside of Alight duty.@  MHHS terminated her employment in January
1999.

In November 2000, appellant filed this
action against MHHS, alleging that her back injury was caused by MHHS=s negligence in
failing to provide a safe workplace, the proper tools with which to do her job,
and proper safety training.  The suit was
tried to a jury in September 2002.  After
several days of trial, the jury began deliberations on September 5.  The following day, Friday, September 6, the
jury sent a note to the judge, requesting a Alayman=s definition@ of proximate
cause.  The trial court responded
appropriately.  Later, at 4:25 p.m. that
same day, the jury sent another note to the judge, stating, AWe are
deadlocked!  No change and no foreseeable
change.@  The judge then instructed the jury to either
continue deliberations until 5 p.m. that day or break at that point and resume
on Monday, September 9.  Still later that
day, the judge received the following note from the jury:

We are deadlocked
9-No and 3-Yes.  The three Yes votes as
well as the 9 No votes have stated that they are unwilling to change their
vote.  Nobody has changed their mind
since 4:45 yesterday, of which the entire time has been deliberation of
Question Number 1.  








Counsel for MHHS then proposed an Allen or Adynamite@ charge, and,
after hearing brief arguments from counsel, the court instructed the jury
accordingly.  On the following Monday
afternoon, at approximately 12:35 p.m., the jury reached a verdict in favor of
MHHS.  Ten members of the jury found that
any negligence of MHHS was not the proximate cause of appellant=s injury.  This appeal followed.

The Issues

Appellant raises seven issues in this
appeal, claiming that the trial court erred (1) in admitting appellant=s Social Security
Administration (ASSA@) records while
subsequently excluding the rebuttal testimony of her vocational expert witness,
(2) in admitting appellant=s SSA records
while subsequently excluding an explanatory letter from the SSA, (3) in
excluding the opinion testimony of appellant=s treating
physician, (4) in excluding the testimony of appellant=s workplace safety
expert, (5) in refusing to instruct the jury regarding the duties employers owe
to their employees, (6) in instructing the jury to continue to deliberate, and
(7) in instructing the jury with a Adynamite@ charge on a late
Friday afternoon.  We address these
issues below, discussing appellant=s first issue with
her second, and her sixth issue with her seventh.  We affirm.

Admission of SSA Records

In her first issue, appellant argues that
the trial court erred in excluding the rebuttal testimony of Viola Lopez, a
vocational rehabilitation expert witness, to explain the contents of appellant=s SSA
records.  In her second issue, appellant
argues that the trial court erred in excluding an explanatory letter from the
SSA.  Appellant does not challenge the
admission of the SSA records themselves; her claim is that in light of their
admission, the exclusions of (1) Lopez=s testimony and
(2) the SSA explanatory letter constitute harmful error.

A trial court=s decision to
admit or exclude evidence is reviewed for abuse of discretion. Horizon/CMS
Healthcare Corp. v. Auld, 34 S.W.3d 887, 906 (Tex. 2000).  Unless the trial court=s erroneous
evidentiary ruling probably caused the rendition of an improper judgment, we
will not reverse the ruling.  Id.  An appellate court must uphold the trial
court=s evidentiary
ruling if there is any legitimate basis for it. 
Owens-Corning Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43 (Tex.
1998).








The SSA records contained, inter alia,
a primary diagnosis that appellant=s condition was
due to obesity and a secondary diagnosis that appellant suffered from
degenerative changes of the lumbar spine. 
They also listed the date appellant=s disability began
as November 1, 1998; this date is six days prior to the date appellant
allegedly suffered her injury.

Appellant=s first contention
is that the trial court erred in excluding the rebuttal testimony of Viola
Lopez, a vocational rehabilitation expert witness and former SSA employee.  In an offer of proof before the trial court,
Lopez testified that, for purposes of payment processing, the SSA routinely
lists the Adate disability began@ as the first day
of the month in which the person becomes disabled, and not necessarily the
actual date the disability began. 
Appellant has acknowledged that Lopez was not designated to offer
testimony on the subject and that the substance of her testimony was not
disclosed to MHHS prior to trial. 
Therefore, under Rule 193.6(a) of the Texas Rules of Civil Procedure,
appellant is not entitled to introduction of the evidence unless Athere was good
cause for the failure to timely make, amend, or supplement the discovery
response@ or such failure
did not Aunfairly surprise
or unfairly prejudice@ the other party.  See Tex.
R. Civ. P. 193.6(a)(1), (2).

The only arguments appellant raises in
support of either prong of this test are that she Atrusted that only
a few portions of the file, at best, were legally admissible@ and that she Acould never have
imagined that the Court would admit into evidence virtually the entire Social
Security file.@ 
Appellant has cited no authority, and we are aware of none, which
supports this explanation as sufficient evidence of good cause for failure to
disclose Lopez=s opinion.   We find that appellant has failed to meet
her burden. See Tex. R. Civ. P. 193.6(b);
Tex. R. App. P. 38.1(h).  Therefore, her first contention is without
merit.








Appellant=s second
contention is that the trial court erred in excluding the SSA explanatory
letter, which purports to provide the same explanation offered by  witness Lopez as to why the date listed in
the SSA records is not necessarily the date appellant=s disability
began.  The letter states in relevant
part: AEligibility for
SSI benefits is always based on the first of the month.  If the individual became disabled within the
month her date of eligibility will be the first of the month.@  The trial court sustained MHHS=s hearsay
objection.  While she did not assert any
hearsay exception at trial, appellant now claims that this letter falls within
the hearsay exception for public records and reports under Rule 803(8) of the
Texas Rules of Evidence.[1]  We disagree. 
The letter does not fall within the specific categories of Rule
803(8).  Therefore, appellant=s second
contention is without merit.

Because we find that appellant=s claims regarding
the exclusion of Lopez=s testimony and the SSA explanatory letter
are unpersuasive, we conclude that the trial court did not abuse its discretion
in its exclusion of such evidence. 
Accordingly, we overrule appellant=s first and second
issues.

Exclusion of Treating Physician=s Testimony

In her third issue, appellant argues that
the trial court erred in excluding several opinions within the testimony of her
treating physician, Dr. S. Ali Mohamed. 
She contends that these opinions were offered to rebut the testimony of
MHHS=s retained expert,
Dr. Stephen Esses.  We apply the usual
standards of review for evidentiary rulings. See Auld, 34 S.W.3d at 906;
Malone, 972 S.W.2d at 43.

Under Rule 194 of the Rules of Civil
Procedure, a party is required to disclose certain enumerated information about
any testifying experts upon request by another party. Tex. R. Civ. P. 194.1, 194.2(f).  Appellant concedes that she made no such
disclosure concerning Dr. Mohamed pursuant to MHHS=s request.  She claims that she either was not required
to make such disclosure or that she adequately complied with the Rule 194
requirements.  We disagree.








First, appellant claims that she was not
required to disclose the information required under Rule 194.2(f) because Dr.
Mohamed was a rebuttal witness and not a designated or retained expert.  However, once MHHS disclosed the opinions of
Dr. Esses, its testifying expert, appellant could reasonably have anticipated
the need to rebut the testimony of the latter at trial. See Orkin
Exterminating Co., Inc. v. Williamson, 785 S.W.2d 905, 910-11 (Tex.
App.CAustin 1990, writ denied).  Therefore, Dr. Mohamed was simply an ordinary
rebuttal witness whose use reasonably could have been anticipated; rebuttal
witnesses as such are not exempt from the scope of the written discovery rules.
 See id.;American Bank of Waco v. Waco
Airmotive, Inc., 818 S.W.2d 163, 177 (Tex. App.CWaco 1991, writ denied); Walsh v. Mullane,
725 S.W.2d 263, 264-65 (Tex. App.CHouston
[1st Dist.]
1986, writ ref=d n.r.e.); Gannett Outdoor Co. v.
Kubeczka, 710 S.W.2d 79, 84 (Tex. App.CHouston
[14th Dist.]
1986, no writ).

Second, appellant claims that she gave
proper notice to MHHS that Dr. Mohamed treated appellant.  However, she does not claim, and indeed
advances no evidence, that she also disclosed other information required by
Rule 194.2(f), including the subject matter on which the expert would testify,
the general substance of the expert=s mental
impressions and opinions, and the basis therefor. See Tex. R. Civ. P. 194.2(f)(2),(3).  Because appellant failed to make, amend, or
supplement her discovery response to include all required relevant information
concerning Dr. Mohamed, the trial court did not abuse its discretion in
excluding Dr. Mohamed=s opinion testimony under Rule 193.6(a) of
the Rules of Civil Procedure.[2]








Appellant also argues that the trial court erred in excluding
Plaintiff=s Exhibit 26, a follow-up note
written by Dr. Mohamed relating to appellant=s July 11, 2002 office visit, because
she disclosed it to MHHS in a timely manner. 
However, she does not address the other grounds of the objection
advanced by MHHS, namely, hearsay and relevance.  Moreover, she does not explain how, even
assuming that the trial court erred in excluding such evidence, the error
either probably caused the rendition of an improper judgment or probably
prevented her from properly presenting the case to this court. Accordingly,
this claim is overruled. See Tex.
R. App. P. 38.1(h), 44.1(a).

We overrule appellant=s third issue.

Exclusion of Workplace Safety
Expert

In her fourth issue, appellant argues that
the trial court erred in its exclusion of the entire testimony of Edward
Ziegler, a workplace safety expert, because it applied a standard governing the
admission of scientific evidence, citing E.I. du Pont de Nemours and Co.,
Inc. v. Robinson, 923 S.W.2d 549 (Tex. 1995), rather than a general
standard applicable to other kinds of expert testimony, citing Gammill v.
Jack Williams Chevrolet, Inc., 972 S.W.2d 713 (Tex. 1998).  We apply the usual standards of review for
evidentiary rulings. See Auld, 34 S.W.3d at 906; Malone, 972
S.W.2d at 43.

If the court determines that the
underlying facts or data do not provide a sufficient basis for the expert=s opinion under
Rule 702[3]
or 703,[4]
the opinion is inadmissible.  Tex. R. Evid. 705(c).  Based on the evidence before it, the trial
court did not abuse its discretion in concluding that Ziegler did not have a
reasonable basis for any of his opinions with respect to, in appellant=s words, the Anature and extent
of the legal duties owed by MHHS to [her], and how those duties were breached.@








As evidenced by his deposition testimony
and accompanying exhibits, Ziegler concluded, inter alia, that MHHS
failed to properly select the patient food carts in accordance with the safety
concerns for the employees who operate them. 
Yet he had not seen the carts in person, and he did not know (1) how big
the carts were, (2) how much the carts weighed, or (3) how much they could (or
should) carry.  He also had no knowledge
of the relevant factors in determining whether the weight of a loaded cart, or
the amount of force to be applied to it, would be excessive.  Ziegler concluded that MHHS failed to
properly train its employees in how to operate the carts with minimal
effort.  Yet he had no information
concerning what training appellant or any of her co-workers received from MHHS
with respect to the operation of the carts. 
Ziegler concluded that MHHS failed to provide proper safety equipment to
protect its employees from sustaining injuries while operating the carts.  Yet he could not make a single recommendation
as to what training should have been provided to the employees by MHHS.  Ziegler concluded that MHHS failed to select
the proper floor covering materials to enable the carts to move with minimal
effort and risk of injury.  Yet he had
never seen the carpet used to cover the floors at MHHS and conducted no
investigation as to how MHHS selected its floor covering materials; his Awhole opinion@ was that  Aa carpet is always
going to be harder to move a wheeled cart on than a flat surface like linoleum.@  Finally, Ziegler opined that MHHS violated
the AGeneral Duty
Clause@ of the federal
Occupational Safety and Health Act of 1970 and that these failures proximately
caused appellant=s injury.

Because Ziegler=s analysis fails
to take into consideration so many critical factors, we find that the limited
amount of information from which he drew his conclusions does not provide a
reasonable basis for his opinions.  MHHS=s objections to
his testimony are therefore properly addressed to the admissibility of the
evidence and not, as appellant suggests, to its weight.  We therefore find that the trial court did
not abuse its discretion in excluding Ziegler=s testimony.  Accordingly, appellant=s fourth issue is
overruled.[5]

 








Refusal of Appellant=s Proposed Jury
Instruction

In her fifth issue, appellant argues that
the trial court erred in refusing to instruct the jury regarding the duties
employers owe to their employees.  We
review a trial court=s decision to submit or refuse a
particular jury instruction for abuse of discretion.  In re V.L.K., 24 S.W.3d 338, 341 (Tex.
2000).  The trial court has great
latitude and considerable discretion in determining whether requested jury
instructions are necessary and proper.  Id.  When the trial court refuses to submit a
requested jury instruction, the issue is whether the requested instruction is
reasonably necessary to enable a jury to render a proper verdict. Vinson
& Elkins v. Moran, 946 S.W.2d 381, 405 (Tex. App.CHouston [14th Dist.] 1997, writ dism=d).

Appellant claims that the following
excerpt from her requested jury instruction was essential to her case, and that
the trial court=s refusal to submit it constitutes harmful
error:

For question number 1, you are
instructed that an ordinary prudent hospital must 1) provide proper tools and
equipment for the job to be performed by its employees; 2) provide proper
instructions and training for the job to be performed by its employees; 3) warn
its employees of known job hazards; 4) provide adequate manpower and help for
the performance of work required of the employees; 5) promulgate and enforce
policies and procedures for the prompt maintenance of tools and equipment used
by its employees; and 6) to generally provide a safe place for employees to
work. [Citing, inter alia, Brookshire Brothers, Inc. v. Lewis,
997 S.W.2d 908 (Tex. App.CBeaumont 1999, pet. denied)].

 

In Lewis, the trial court, like the trial court
in the present case, submitted a broad-form negligence instruction without
explanatory instructions regarding the specific duties employers owe to their
employees. See id. at 921.  The
court in Lewis found that such explanatory instructions constituted
surplus instructions and were therefore properly excluded by the trial
court.  Id.  Consequently, in that case, the trial court=s refusal to
instruct the jury with the requested explanatory instructions was not an abuse
of discretion.  Id.








In the present case, appellant has failed
to distinguish the Lewis holding; indeed she cited it to the trial court
in support of her position, albeit erroneously. 
We therefore find that the trial court did not abuse its discretion in
refusing appellant=s requested jury instruction concerning
the duties employers owe to their employees. 
Accordingly, appellant=s fifth issue is
overruled.

The ADynamite@ Charge

In her sixth issue, appellant argues that
the trial court erred in charging the jury to deliberate further after
receiving notices that the jury appeared to be deadlocked.  In her seventh issue, appellant argues that
the trial court erred in instructing the jury with a Adynamite@ charge[6]
on a late Friday afternoon.  Appellant
contends not that the supplemental charges in and of themselves were coercive,
but that in the face of multiple efforts by the jury to communicate the
apparent deadlock, the charges constitute situational coercion under Stevens
v. Travelers Insurance Co., 563 S.W.2d 223 (Tex. 1978).  We disagree.








Broad discretion is vested in the trial
judge to aid in the administration and expedition of the fact-finding process. Stevens,
563 S.W.2d at 228.  A potentially
coercive statement will not invalidate a supplemental charge unless it retains
its coercive nature when the charge is read as a whole, and all circumstances
surrounding its rendition and effect are considered. Stevens, 563 S.W.2d
at 229.  However, if no portion of the
charge is Apossibly coercive when standing alone,@ it is unnecessary
to consider the surrounding circumstances and to determine the harmfulness of
its effect.  Id. at 232.

Appellant argues that the trial court=s recitation of an
Allen-type charge on a late Friday afternoon, and then again on Monday
morning when the jury returned, constitutes potential coercion.  However, there is no element of coercion
here, whether express or implied.  In
charging the jury as above, the trial judge did not, as appellant claims,
present the jury with Athe prospect of being required to
deliberate for an entire additional week@ or otherwise Abe held
indefinitely unless and until it reaches a verdict.@  Having found no element of coercion, we need
not consider the surrounding circumstances and the likely effect of the
supplemental charges upon the jury.  We therefore
hold that the trial court did not abuse its discretion in either charging the
jury to continue its deliberations or giving the Adynamite@ charge on a late
Friday afternoon. See Harris County v. Patrick, 636 S.W.2d 211, 213 (Tex.
App.CTexarkana 1982, no
writ).  Accordingly, we overrule
appellant=s sixth and seventh issues.

Conclusion

The judgment of the trial court is
affirmed.

 

 

/s/      Adele Hedges

Chief Justice

 

 

Judgment
rendered and Opinion filed July 8, 2004.

Panel
consists of Chief Justice Hedges and Justices Hudson and Frost.











[1]  That Rule
provides: ARecords, reports, statements, or data compilations, in
any form, of public offices or agencies setting forth: (A) the activities of
the office or agency; (B) matters observed pursuant to duty imposed by law as
to which there is a duty to report, excluding in criminal cases matters
observed by police officers and other law enforcement personnel; or (C) in
civil cases as to any party and in criminal cases as against the state, factual
findings resulting from an investigation made pursuant to authority granted by
law; unless the sources of information or other circumstances indicate lack of
trustworthiness.@





[2]  We need not
address the two prongs of the test for exclusion under Rule 193.6(a)(1) and
(2).  Appellant makes no argument
concerning whether she had good cause for her failure to make such disclosures
or how that failure would not have unfairly surprised or prejudiced MHHS.  She contends only that Dr. Mohamed=s testimony engendered as much surprise on her part as
on the part of MHHS.  Accordingly, she
has waived these issues. See Tex.
R. App. P. 38.1(h).





[3]  That Rule
provides: AIf scientific, technical, or other specialized
knowledge will assist the trier of fact to understand the evidence or to
determine a fact in issue, a witness qualified as an expert by knowledge,
skill, experience, training, or education may testify thereto in the form of an
opinion or otherwise.@





[4]  That Rule
provides: AThe facts or data in the particular case upon which an
expert bases an opinion or inference may be those perceived by, reviewed by, or
made known to the expert at or before the hearing.  If of a type reasonably relied upon by
experts in the particular field in forming opinions or inferences upon the
subject, the facts or data need not be admissible in evidence.@





[5]  Because we
find that the trial court did not abuse its discretion in excluding the
testimony of Ziegler, we need not address appellant=s contention that such exclusion was Athe equivalent of a death penalty sanction@ based upon its alleged Aarbitrary
and capricious@ nature.





[6]  An Allen
or Adynamite@ charge
encourages the jury to reach a verdict and is usually given in response to a
specific communication from the jury during situations in which the jury
appears deadlocked. See Allen v. United States, 164 U.S. 492
(1896).  The trial judge in the present
case gave the following Allen-type charge to the jury:

 

Ladies and gentlemen, as jurors if you could, in this
litigation, reach a verdict, you should do so. 
I don=t mean to say that any individual juror should yield
his or her conscience and positive conviction, but I do mean that when you=re in the jury room, you should discuss this matter
among yourselves carefully and listen to each other.  And try, if you can, to reach a conclusion on
this issue.

 

It is your duty, each of your duties as jurors to keep
your minds open to every reasonable argument. 
A juror should not have any pride of opinion and should avoid his
actually forming or expressing an opinion. 
A juror should not, however, surrender any conscientious view found on
the evidence, unless convicted [sic] by his or her fellow jurors of his or her
error.

 

As I said
before, I=m satisfied that you have not deliberated
sufficiently, so that in good conscience, I cannot accept any report that you
cannot arrive at an agreement.  I=m going to recess you until Monday morning at nine o=clock.  Please
remember my instruction not to discuss the case with anyone, not each other,
not your husbands, wives or family members over the weekend or, certainly,
anyone else at the courthouse or elsewhere. ...