Sarah **JONES**, Appellant,

v.

**SQUARE DEAL CAB COMPANY** et al.,
Appellees.

No. 876.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Nov. 14, 1973.

Rehearing Denied Dec. 5, 1973.

Warner F. Brock, Brock & Williams, Houston, for appellant.

Michael Phillips, Mark T. Price, Boswell, O'Toole, Davis & Pickering, Houston, for appellees.

COULSON, Justice.

This is an appeal from a judgment on the verdict entered against appellant Sarah Jones, plaintiff below, in her suit for personal injuries against the appellees, the Square Deal Cab Company and Wesley Rayford. Appellant's sole point of error asserts jury misconduct under new Rule 292, Texas Rules of Civil Procedure.

The question here is whether an unanimous verdict can be impeached on the ground that it was not unanimous.

Appellant sought to recover for personal injuries sustained when her thumb caught in the door of a taxicab and she was dragged by the cab. The trial judge, in compliance with Rule 226a, Tex.R.Civ.P., charged the jury as part of the written instructions (Paragraph No. 6) as follows:

"You may render your verdict upon the vote of ten or more members of the jury. The same ten or more of you must agree upon all of the answers made and to the entire verdict. You will not, therefore, enter into an agreement to be bound by a majority or any other vote of less than ten jurors. If the verdict and all of the answers therein are reached by unanimous agreement, the foreman shall sign the verdict for the entire jury. If any juror disagrees as to any answer

made by the verdict, those jurors who agree to all findings shall each sign the verdict."

The instructions were read aloud again by the foreman in the jury room. In answer to special issues, the jury found that the driver had committed negligence proximately causing the injuries. The jury also found that appellant was guilty of four separate acts of contributory negligence proximately causing her injuries. The verdict was signed only by the foreman. Appellant did not request a poll of the jury.

At the hearing on appellant's motion for new trial, two jurors testified that the jury voted by a show of hands and that the answers to the contributory negligence issues were not unanimous. These jurors stated that the vote on most of these nine issues was 10–2 and that the same ten jurors did not comprise the majority. While this testimony does not unequivocally show that the same ten jurors did not vote for one of the contributory negligence issues and its corresponding proximate cause issue, such may be presumed for the purposes of this appeal.

This case presents a question of first impression in Texas under new Rule 292, Tex.R.Civ.P. (effective February 1, 1973). Said rule provides:

"A verdict may be rendered in any cause by the concurrence, as to each and all answers made, of the same ten members of an original jury of twelve or of the same five members of an original jury of six. However, where as many as three jurors die or be disabled from sitting and there are only nine of the jurors remaining of an original jury of twelve, those remaining may render and return a verdict. If less than the original twelve or six jurors render a verdict, the verdict must be signed by each juror concurring therein."

The trial judge's Instruction No. 6 is a verbatim reproduction of the pertinent portion of the approved instructions found in Rule 226a, Tex.R.Civ.P. Rule 292's provision for nonunanimous jury verdicts makes the old authorities in this area inapplicable. Formerly it was clear that the requirement (then statutory) that all of the jurors sign the verdict when the jury is reduced in number by death or disability was directory only and was waived by a failure to object when the verdict was returned. Barker v. Ash, 194 S.W. 465 (Tex.Civ.App.— Dallas 1917, writ ref'd); Crosby v. Stevens, 184 S.W. 705 (Tex.Civ.App.—El Paso 1916, writ dism'd). These cases are obsolete because the losing party necessarily knew the jury was reduced in number and because a signature by the foreman alone did not negative the possibility of a nonunanimous verdict when such a verdict was not a part of our system.

Appellant argues that Rule 292's requirement that all of the jurors comprising a nonunanimous majority must sign the verdict is mandatory rather than directory. The foreman's sole signature in this situation connotes unanimity, thereby effectually depriving the losing party of his privilege under Rule 294, Tex.R.Civ.P., to poll the jury, because he would have no expectation of discovering a "shifting" majority. Appellant urges that the foreman's signature denied him the opportunity to explore the possibility of a "shifting" majority, a possibility which he alleges he made a certainty by the jurors' testimony at the hearing on plaintiff's motion for new trial.

The present question calls for a weighing of the necessity of finality of judgments against the value of the impeachment of jury verdicts reached by a "shifting," nonunanimous majority. We believe the situation will rarely arise in which the foreman alone will sign a nonunanimous verdict in violation of Rule 292 and in which the jury will acquiesce in such an action despite the clear charge of the trial judge read in open court and carried into the jury room. Conversely, the need for finality is always present along

with the dangers attendant in permitting jurors to impeach their verdict. *See* Burchfield v. Tanner, 142 Tex. 404, 178 S. W.2d 681, 683 (1944). We hold that when a jury returns a verdict as being unanimous and the verdict is officially received by the court and the jury is discharged, it is not permissible to thereafter impeach the verdict by presenting evidence that such verdict was not unanimous. If a nonunanimous verdict had been returned and had been officially received by the court and the jury had been discharged, such a nonunanimous verdict would not thereafter be subject to impeachment by presenting evidence that different, "shifting" majorities answered the special issues. Thus, after a verdict is returned and is officially received by the court and the jury is discharged, it is not permissible to thereafter establish jury misconduct by presenting evidence that the verdict was not unanimous or that a nonunanimous verdict was returned by different, "shifting" majorities.

■ A verdict is without force or effect until it is received and accepted by the court. Guest v. American Petrofina Company, 485 S.W.2d 926 (Tex.Civ.App.—Texarkana 1972, no writ). During any polling and until the trial judge officially receives the verdict, any juror may effectively dissent. State v. Finch, 349 S.W.2d 780 (Tex.Civ.App.—San Antonio 1961, no writ). Therefore a verdict signed only by the foreman after the jury has been clearly apprised of the substance of Rule 292 is an unanimous verdict despite any nonunanimous voting in the jury room. In the instant case, the entire jury acquiesced in the foreman's signature and replied affirmatively when asked by the trial judge if the verdict was theirs.

The holding of this case is not unduly severe on a losing party because of the opportunity to poll the jury before the verdict is received as provided in Rule 294, Tex.R.Civ.P. We realize that polling may become customary as a result of this new rule. However, routine polling is preferable to the routine examination of individual jurors by losing counsel after trial. A seemingly unanimous verdict found not to be unanimous during polling results in sending the jury back to the jury room, while such a discovery after trial could only result in a new trial. One of the primary reasons urged for the adoption of Rule 292 was that judicial economy would be served, because fewer trials would end in hung juries requiring a new trial. Kronzer & O'Quinn, "Let's Return to Majority Rule in Civil Jury Cases," 8 Hous. L.Rev. 302, 307 (1970). We believe our holding is more consistent with the objectives of the new rule than the alternative.

Affirmed.