Sarah **JONES**, Petitioner,

v.

**SQUARE DEAL CAB COMPANY et al.,**
Respondents.

No. B–4393.

Supreme Court of Texas.

Feb. 27, 1974.

Brock & Williams, Warner F. Brock and Gerald J. Goodwin, Houston, for petitioner.

Boswell, O'Toole, Davis & Pickering, Mark T. Price, Houston, for respondents.

PER CURIAM.

Sarah Jones has lost in her efforts by this suit to recover damages for personal injuries. The jury found that she was contributorily negligent in several respects, each of which was a proximate cause of her injuries. Her sole complaint here as in the Court of Civil Appeals (501 S.W.2d 746) asserts jury misconduct.

The contention is made that the verdict was not unanimous, even though the foreman signed it. The jury was instructed in compliance with Rules 226a and 292, Texas Rules of Civil Procedure, that the foreman should sign the verdict only if it was reached by unanimous agreement of the entire jury. Two of the jurors testified at the hearing on the motion for new trial that the foreman took each issue as answered as soon as any ten jurors agreed to it, and that the negative votes (taken by raised hands) came from different jurors

on different issues. The rules and instructions require that ten jurors may return a verdict but only if those same ten jurors agree on each and all of the answers and then all sign the verdict. It is argued that the verdict here was reached by ten affirmative votes of different jurors from issue to issue. The latter feature of the case is new, because ten out of twelve acting jurors have been permitted to return a complete verdict only since February 1, 1973, but we regard the case as ruled by long established principles. There is no testimony before the trial court of any overt act of misconduct. Even if the votes on the issues stood at some point only ten to two, the ultimate verdict was accepted and entered by all of the jurors unanimously. If there was a reservation to the contrary in the mind of some juror, it cannot now be considered. The proper instruction was given by the trial judge and read to the jurors again in the jury room by their foreman. They specifically discussed how it was to be signed. It was signed and returned as a unanimous verdict. The trial judge asked the jury if the answers were to be taken as their verdict. All jurors assented, at least by their silence, and the judge received the verdict as a unanimous one. A subsequent showing that the verdict was less than unanimous at some point during the deliberations would not impeach the verdict as signed, returned to and received by the court. Boddeker v. Olschewske, 127 Tex. 598, 94 S.W.2d 730 (1936).

■ It does not follow that jury misconduct could not be proved to impeach a verdict under different circumstances. For example, if the jurors agreed in advance to let any ten votes determine the answers to the issues as each were taken up and voted upon, in disregard of the rules and their instructions, the verdict would be subject to impeachment. Kindy v. Willingham, 146 Tex. 548, 209 S.W.2d 585 (1948).

The application for writ of error is refused, no reversible error.