**Terry R. DILBECK and Vernon L. Dilbeck, Appellants,**

v.

**IDEAL BREAD COMPANY et al., Appellees.**

No. 8555.

Court of Civil Appeals of Texas, Texarkana.

Feb. 21, 1978.

Pat C. Beadle, Beadle & Beadle, Clarksville, for appellants.

Edwin J. Lamberty, Jr., Patterson, Lamberty & Kelly, Inc., Dallas, for appellees.

**564**

CORNELIUS, Chief Justice.

Appellants sued appellees for damages arising from an automobile-truck collision. Trial was to a jury and upon receipt of answers to certain special issues the trial court entered judgment that appellants take nothing. Appellants contend they are entitled to a new trial because the jury answers were not unanimous, and being less than unanimous, the verdict was required to be signed by each juror in accordance with the provisions of Tex.R.Civ.P. 292.

The record consists of only a partial transcript and a statement of facts containing the evidence produced on the hearing of appellants' motion for new trial. Neither the charge, the verdict nor the evidence presented at the trial itself is before us. From the briefs and the hearing on the motion for new trial we deduce that the jury answered some, but not all, of the special issues. After the exchange of several notes between the trial judge and the jury, the jury was called into open court, at which time the judge examined the charge. He apparently found that the primary issues of negligence and proximate cause had been answered against appellants, thus precluding any recovery in their behalf. He then inquired of the jurors if those were their answers, and all of the jurors indicated by affirmation or silence that they were. The trial judge then instructed the foreman to sign the verdict, whereupon it was accepted by the court and the jury was discharged. Appellants base their claim of error upon testimony elicited at the hearing on the motion for new trial to the effect that the jurors, after answering several of the issues, had agreed to reconsider those answers, but before doing so were called into open court and had the verdict accepted as final. Evidence at the hearing also revealed that two of the issues were initially answered by a vote of ten to two rather than by unanimous vote. Appellants contend that in such a case Rule 292 required the verdict to be signed by each of the jurors.

Not having a complete record or a copy of the jury's verdict before us, we can only assume that the answers which were made by the jurors authorized a take nothing judgment. If so, it was not only the court's right, but its duty, to accept the partial verdict and render judgment thereon. *Templeton v. Rogers*, 450 S.W.2d 900 (Tex.Civ.App. Beaumont 1970, writ dism'd); *Barker v. Weingarten Riverside Co.*, 232 S.W.2d 692 (Tex.Civ.App. Beaumont 1950, writ ref'd n. r. e.). Although the foreman's signature was not essential to the verdict's validity,[1] it was signed by the foreman after all of the jurors indicated to the court that the answers were unanimous. Prior to the time a verdict is accepted by the court and ordered filed, any juror may withdraw his concurrence, or irregularities may be discovered which require further deliberations by the jury or action by the court. *Heinrich v. Texas Bitulithic Company*, 324 S.W.2d 600 (Tex.Civ.App. Texarkana 1959, no writ); *Security State Bank and Trust v. Craighead*, 440 S.W.2d 701 (Tex.Civ.App. San Antonio 1969, writ ref'd n. r. e.); 3 McDonald's Texas Civil Practice, Sec. 15.-02.1, p. 594. But after the verdict is returned and represented to the court as being unanimous, and it is accepted by the court and the jury discharged, a showing that some of the jurors held mental reservations about the verdict or wanted to reconsider their answers, or even that the verdict was not unanimous, will not impeach or invalidate the verdict as returned to and accepted by the court. *Jones v. Square Deal Cab Company*, 501 S.W.2d 746 (Tex.Civ.App. Houston - 14th District 1973), writ ref'd n. r. e. per curiam , 506 S.W.2d 855 (Tex.1974). As said by our Supreme Court in refusing a writ in *Jones v. Square Deal Cab Company*, 506 S.W.2d 855 (Tex.1974):

"  .  .  . Even if the votes on the issues stood at some point only ten to two, the ultimate verdict was accepted and en-

---

1. *Templeton v. Rogers,* supra; *Barker v. Weingarten Riverside Co.,* supra; *Patterson v. Gulf, C. & S. F. Ry. Co.,* 77 S.W.2d 1075 (Tex.Civ.

App. Fort Worth 1934, no writ); *Laybourn v. Bray & Shifflet,* 214 S.W. 630 (Tex.Civ.App. Amarillo 1919, writ ref'd).

tered by all of the jurors unanimously. If there was a reservation to the contrary in the mind of some juror, it cannot now be considered. . . . The trial judge asked the jury if the answers were to be taken as their verdict. All jurors assented, at least by their silence, and the judge received the verdict as a unanimous one. A subsequent showing that the verdict was less than unanimous at some point during the deliberations would not impeach the verdict as signed, returned to and received by the court. . . ."

In addition, appellants did not object or move for a mistrial and did not request a further poll of the jury before the verdict was accepted and the jury discharged. That being true, they waived any right to complain of the partial verdict or any irregularities in the signing or the return thereof. *Lewis v. Texas Employers' Ins. Ass'n*, 151 Tex. 95, 246 S.W.2d 599 (Tex.1952); *Security State Bank and Trust v. Craighead*, supra.

The judgment of the trial court is affirmed.