**Brenda YOUNG, Appellant,**

v.

**COX FOODARAMA, INC., Appellee.**

No. 01–83–0746–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

June 14, 1984.

Stephen Lekas, Jamison & Brannon, Houston, for appellant.

Malcolm Williams, Martin & Sperry, Houston, for appellee.

Before JACK SMITH, BASS and COHEN, JJ.

OPINION

JACK SMITH, Justice.

This is an appeal from a take-nothing judgment in a slip and fall case. The appellant raises one point of error in which she argues that there is an irreconcilable conflict in the jury's answers to the special issues.

The appellant's theory of recovery was that while she was in the appellee's store, she slipped and fell as a result of a liquid oily substance on the floor. She alleged that the appellee, in the exercise of ordinary care, knew or should have known of the presence of the foreign substance. She alleged that the appellee was negligent in allowing the foreign substance to remain on the floor and that such negligence was the proximate cause of her injuries.

The appellant failed to obtain an affirmative answer to her special issue inquiring whether there had been a foreign substance on the floor for a sufficient length of time for the appellee to have known or should have known of its presence.

In response to the defensive issue inquiring whether the appellant was negligent in failing to walk safely, the jury found that the appellant was negligent and that such negligence was a proximate cause of the occurrence. In the comparative negligence issue, the jury, disregarding the court's instructions to answer the issue only if both parties were negligent, found the appellant to be 40% negligent and the appellee 60% negligent.

In the instant case, the correctness of the individual issues and the propriety of their submission is not before us. Thus, we are limited to the question of conflict between the issues. *Bender v. Southern Pacific Transp. Co.*, 600 S.W.2d 257 (Tex. 1980).

It is the duty of the court to harmonize jury's findings when possible, *Bender v. Southern Pacific Transp. Co.*, *supra*, and a court may not strike jury answers on the ground of conflict, if there is any reasonable basis upon which they can be reconciled. *Little Rock Mfg. Co. v. Dunn*, 148 Tex. 197, 222 S.W.2d 985 (1949).

In establishing liability, specific findings [or lack of findings] in liability issues control over general findings in a comparative negligence issue. This is so because these issues do not inquire about the same material facts. *Pearson v. Doherty*, 143 Tex. 64, 183 S.W.2d 453 (1944).

The appellant in the instant case failed to obtain affirmative answers on issues which would establish the appellee's liability. Although we have an apparent conflict in the special issues, it is not irreconcilable and was properly harmonized and reconciled by the trial court. *See Ingles v. Cohen*, 543 S.W.2d 455 (Tex.Civ.App.—Waco 1976, writ ref'd n.r.e.). The jury's answer to the comparative negligence issue in this case is without support in the liability issues because only the appellant was found to be negligent. It is impossible to make a comparison of the degree of negligence between the parties when only one party has been found to be negligent because there is nothing to compare. We hold that the trial court properly reconciled the apparent conflict in the jury's findings.

The judgment of the trial court is affirmed.