**Charles E. SIMS and T.A. Sims, A Partnership, Appellants,**

v.

**STATE FARM FIRE AND CASUALTY COMPANY, Appellee.**

**No. 2–86–036–CV.**

Court of Appeals of Texas, Fort Worth.

Nov. 19, 1986.

Law Offices of Bob Greenspan and Bob Greenspan, Fort Worth, for appellants.

Joseph W. Stewart, P.C. and Martin T. Bode, Arlington, for appellee.

HOPKINS, FARRIS and KELTNER, JJ.

### OPINION

HOPKINS, Justice.

Appellants Sims appeal from a jury verdict in favor of appellee, State Farm Fire and Casualty Company, alleging error in acceptance of a verdict form not signed by the eleven jurors deciding the issues.

We affirm the judgment of the trial court.

Sims brought this action on an insurance policy issued by State Farm. The case was tried before a jury of twelve. On the second day of trial the court excused one of the jurors. The remaining eleven jurors returned a unanimous verdict in favor of State Farm. The presiding juror was the only juror who signed the verdict. The verdict form, in accordance with the approved form under TEX.R.CIV.P. 226a, stated that if the verdict is unanimous only the presiding juror need sign. This printed instruction is sufficient when considered in the light of 10–2 or 11–1 verdicts but does not take into account the situation presented here, i.e., a juror being excused. The trial court gave both attorneys an opportunity to object to the form of the verdict after it was returned. No objection was made at that time and the court accepted the verdict and entered judgment in favor of State Farm in accordance with the verdict. Appellant first presented his objection to the verdict's form by motion for new trial.

Sims asserts one point of error. He alleges that TEX.R.CIV.P. 292 requires the entire jury panel to sign the verdict if it is rendered by less than the original twelve jury members.

Rule 292 states:

A verdict may be rendered in any cause by the concurrence, as to each and all answers made, of the same ten members of an original jury of twelve or of the same five members of an original jury of six. However, where as many as three jurors die or be disabled from sitting and there are only nine of the jurors remaining of an original jury of twelve, those remaining may render and return a verdict. If less than the original twelve or six jurors render a verdict, the verdict must be signed by each juror concurring therein.

*Id.*

*Barker v. Ash,* 194 S.W. 465 (Tex.Civ. App.—Dallas 1917, writ ref'd) presents a situation very similar to the instant case. In *Barker* a juror was excused, the unanimous verdict was read, no objection was made, and error was presented in a motion for new trial. *Id.* at 467. The court held: "the statute requiring that the verdict *must* be signed by the foreman is but directory, and we see no reason why the requirement of the statute that 11 jurors should sign a verdict when the jury is reduced to that number is not also directory, and we so hold." *Id.* (emphasis added).

More recently, Texas courts have held that where "the evidence shows that the members of the jury were in complete agreement as to the answers which they had made, and such answers are sufficient to require a judgment in favor of one of the parties, the absence of the *foreman's* signature would not prevent the trial court from entering a judgment upon the verdict." *Templeton v. Rogers,* 450 S.W.2d 900, 902 (Tex.Civ.App.—Beaumont 1970, writ dism'd) (emphasis added). Likewise, the Corpus Christi court has stated that even though "the verdict was not signed by the foreman, this defect does not adversely affect the verdict where it is shown that the members of the jury were in complete agreement as to the answers which they had made, and they so stated to the trial judge." *King v. Smith,* 459 S.W.2d 202, 204 (Tex.Civ.App.—Corpus Christi 1970, no writ). Contrary to the contention of the appellant, since 1939, rule 292 has stated that the jurors *must* sign the verdict. Therefore, appellants' argument that cases decided prior to 1973 are no authority for situations arising subsequent to the 1973 amendment of rule 292 is without merit.

We reason as did the *Barker* court under an earlier version of the statute. The signature requirement is directory only where no question of shifting majority or of voting irregularities is alleged. This case presents no such question. The appellant acknowledges that the verdict was unanimous. There is, therefore, a sufficient showing that the verdict accepted was that of the jury. We will not reverse a trial court for accepting a verdict which is not signed by the jury panel where the record reflects no disagreement among the jurors and no objection by the complaining party.

Appellant, in his brief, cites many cases holding that rule 292 is mandatory. The cases cited by appellant are not applicable in that they deal exclusively with an alleged shifting majority. Each case cited by appellant deals with a situation where it is alleged that a majority verdict was rendered by different majorities. This is not the situation here where both parties agree that the verdict was unanimous.

Appellant relies heavily upon the dicta comments in *Jones v. Square Deal Cab Company,* 501 S.W.2d 746 (Tex.Civ.App.— Houston [14th Dist.] 1973), *writ ref'd n.r.e. per curiam,* 506 S.W.2d 855 (Tex.1974). We do not believe that the comments of the Houston court of appeals, regarding the obsolescence of previous case law, speak to the issue presented here but instead speak to a shifting majority verdict situation. However, even accepting appellants' interpretation, appellants can take little comfort in the holding of *Jones* which is as follows:

We hold that when a jury returns a verdict as being unanimous and the verdict is officially received by the court and the jury is discharged, it is not permissible to thereafter impeach the verdict by presenting evidence that such verdict was not unanimous. If a nonunanimous verdict had been returned and had been officially received by the court and the jury had been discharged, such a nonunanimous verdict would not thereafter be subject to impeachment by presenting evidence that different, 'shifting' majorities answered the special issues. Thus, after a verdict is returned and is officially received by the court and the jury is discharged, it is not permissible to thereafter establish jury misconduct by presenting evidence that the verdict was not unanimous or that a nonunanimous verdict was returned by different, 'shifting' majorities.

*Id.,* 501 S.W.2d at 748.

The Supreme Court assented to this holding by stating:

There is no testimony before the trial court of any overt act of misconduct. Even if the votes on the issues stood at some point only ten to two, the ultimate verdict was accepted and entered by all of the jurors unanimously. If there was a reservation to the contrary in the mind of some juror, it cannot now be considered. The proper instruction was given by the trial judge and read to the jurors again in the jury room by their foreman. They specifically discussed how it was to be signed. It was signed and returned as a unanimous verdict. The trial judge asked the jury if the answers were to be taken as their verdict. All jurors assented, at least by their silence, and the judge received the verdict as a unanimous one. A subsequent showing that the verdict was less than unanimous at some point during the deliberations would not impeach the verdict as signed, returned to and received by the court.

*Id.,* 506 S.W.2d at 856.

■ A verdict accepted by the court, without objection by either party, cannot later be impeached for lack of signature. *See Barker,* 194 S.W. at 467.

The judgment of the trial court is affirmed.