**Russell FISH and Dallas NAACP Branch, Appellants**

v.

**DALLAS INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 05-04-00921-CV.

Court of Appeals of Texas, Dallas.

Aug. 16, 2005.

---

R. Clayton Trotter and Allan E. Parker, San Antonio, for Appellants.

Eric V. Moye, Vial, Hamilton, Koch & Knox, L.L.P., Mark William Romney, Boswell & Kober, P.C., and Sheri D. Crosby, Dallas, for Appellee.

Before Justices BRIDGES, FITZGERALD, and FRANCIS.

## OPINION

Opinion by Justice FRANCIS.

In this open records lawsuit, Russell Fish and Dallas NAACP Branch appeal the trial court's take-nothing judgment in favor of Dallas Independent School District. Appellants complain of charge error and the legal sufficiency of the evidence to support the jury's finding against them. We affirm.

On October 8, 1997, Fish requested by letter that DISD provide to him the Iowa Test of Basic Skills (ITBS) results for all Dallas schoolchildren for an eleven-year period, from 1986–87 to 1996–97. Fish

requested the following nineteen categories of information: student number, student sex, student age, student ethnicity, special ed flag, LEP flag, test norms, teacher number, campus name, grade, level, form, test date, reading vocabulary grade equivalent, reading comprehension grade equivalent, reading total grade equivalent, mathematics concepts grade equivalent, mathematics problems grade equivalent, and mathematics total grade equivalent. In an effort to maintain the students' confidentiality, Fish requested that a "unique number be placed in the field for student and teacher name and that the number be consistent from year to year." Fish further requested that the information be provided on magnetic tape reels and planned to publish the information on the Internet.

Three months later, DISD informed Fish that the data was not available in the form requested, and the cost for the information was estimated at $2040. DISD told Fish it needed a fifty percent deposit to begin work. Appellants did not pay the deposit; instead, they filed suit against DISD, seeking a writ of mandamus to order DISD to produce the documents at either no cost or at reasonable cost. Additionally, they sought an order that DISD violated the Texas Public Information Act by not producing the documents within a reasonable time and sought attorney's fees.

In its answer, DISD contended that, among other things, it was prohibited from providing the information by the Family Educational Rights and Privacy Act of 1974 (FERPA), *see* 20 U.S.C.A. § 1232g(b)(1),(2); the requested information contained confidential information exempt from disclosure under the Texas Public Information Act; and the Texas Education Code prohibited the release of personally identifiable information concerning students or teachers.

During a three-day trial, a jury heard conflicting expert testimony on whether the information in the form requested was "easily traceable" such that it would allow students to be identified later by parties outside the district. At the conclusion of the evidence, the jury found that although the information requested was not personally identifiable in the form requested, it was "easily traceable." The trial court rendered judgment on the verdict in DISD's favor, stating in its judgment that "as the information in question was easily traceable, it could not be properly divulged to the Plaintiffs." This appeal followed.

■ In their first issue, appellants complain that the answers to the two jury questions fatally conflict and the trial court erred in not returning the jury to deliberations to resolve the conflict. This complaint is premised on appellants' assertion that FERPA's legal definition of "personally identifiable" encompasses "easily traceable," meaning that if information is not personally identifiable, it cannot be easily traceable.

The jury was asked, and answered, the following two questions:

**QUESTION NO. 1:**

Do you find from a preponderance of the evidence that the information requested by Plaintiffs in the form requested at the time is not "personally identifiable information"?

Answer "Yes" or "No."

    12  YES  (We find the information is not
              "personally identifiable" in the form
              requested.)

    0  NO  (We find the information is
             "personally identifiable information" in
             the form requested.)

*QUESTION NO. 2:*

Do you find from a preponderance of the evidence that the information re-

quested by Plaintiffs in the form requested is not "easily traceable" by parties outside the district so as to identify a student at some later time?

Answer "Yes" or "No."

YES (We find the information is not "easily traceable."

NO (We find the information is "easily traceable.")

Before the jury was charged, appellants made no complaint to the wording of these questions nor did they seek any definitions with regard to either of the terms "personally identifiable" or "easily traceable," under FERPA or any other source. During its deliberations, the jury asked for a legal definition of "personally identifiable information," and the judge responded, without any objection from either side, that it must use "the meaning commonly understood." Once the jury returned an adverse verdict, however, appellants complained for the first time that FERPA's legal definition of "personally identifiable" encompassed "easily traceable," rendering the jury's answers in fatal conflict. Appellants argue the trial court erred in failing to comply with Texas Rule of Civil Procedure 295 and retiring the jury for further deliberations. We disagree.

Texas Rule of Civil Procedure 295 governs correction of verdicts and provides:

If the purported verdict is defective, the court may direct it to be reformed. If it is incomplete, or not responsive to the questions contained in the court's charge, or the answers to the questions are in conflict, the court shall in writing instruct the jury in open court of the nature of the incompleteness, unresponsiveness, or conflict, provide the jury with such additional instructions as may be proper, and retire the jury for further deliberations.

Tex.R. Civ. P. 295. By its own terms, then, the rule only applies to defective verdicts, not defective charges. *Archer Daniels Midland Co. v. Bohall,* 114 S.W.3d 42, 46 (Tex.App.-Eastland 2003, no pet.). Before the rule authorizes further instruction to the jury, the verdict must be incomplete, nonresponsive to the questions contained in the court's charge, or contain answers which are in conflict. *Id.* Contrary to appellants' assertion, the answers contained in this charge do not conflict, fatally or otherwise.

Although appellants argue that the definition of "personally identifiable" encompasses "easily traceable," such that if information is not personally identifiable, it also is not easily traceable, the jury was given no such definition. Rather, it was instructed to use the common meaning of the words. Using the common meaning of the words, the questions on their face do not inquire about the same fact. The first question asked if the information, in the form requested by appellants, was not "personally identifiable." The second question asked if the information, in the form requested, was not "easily traceable" by parties outside the district so as to identify a student *at some later time.* Reviewing the charge as given and the jury's answers to the two questions, it is clear the jury concluded that the information was not personally identifiable in the form requested at the time, but was "easily traceable" by parties outside the district, meaning that students could be identified at some later time. These answers are not in fatal conflict. We resolve this issue against appellants.

In their second issue, appellants make several arguments with respect to the jury's finding of "easily traceable." Specifically, appellants argue that the finding was immaterial and should have been disregarded; the trial court failed to give proper definitions of key legal words, in particular, "personally identifiable infor-

mation"; and the second question should not have been submitted because it was an inferential rebuttal issue.

Again, all of these arguments are premised on appellants' assertion that the FERPA definition of "personally identifiable" encompasses "easily traceable." As noted previously, however, the charge did not contain any such definition, and appellants neither objected to the absence of the definition nor did they request any definition be given before the charge was read to the jury. In fact, appellants lodged no objections to Question No. 2.

■ Any complaint to a jury charge is waived unless specifically included in an objection. Tex.R. Civ. P. 274; Tex.R.App. P. 33.1(a)(1); *In re B.R.D.*, 113 S.W.3d 340, 349 (Tex.2003); *cert. denied, Dossey v. Tex. Dep't of Protective & Regulatory Servs.*, 541 U.S. 945, 124 S.Ct. 1674, 158 L.Ed.2d 371 (2004). A party must make the trial court aware of the complaint, timely and plainly, and obtain a ruling. *In re B.R.D.*, 113 S.W.3d at 349; *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 241 (Tex.1992) (op. on reh'g).

Although appellants did complain after the verdict was returned that "there is an enormous definitional problem with the jury's verdict," we cannot conclude this was a timely objection. We will not read into the charge a definition that was never requested *before the jury began deliberations* and was never considered by the jury. Accordingly, we conclude appellants' charge complaints are either without merit or are waived. We resolve the second issue against appellants.

In their third issue, appellants assert that the public information was not, as a matter of law, "easily traceable." We interpret this as a challenge to the legal sufficiency of the evidence to support the jury's finding to Question No. 2.

■ A party attempting to overcome an adverse fact finding to an issue on which it had the burden of proof must surmount two hurdles. *See Honeycutt v. Billingsley*, 992 S.W.2d 570, 577 (Tex.App.-Houston [1st Dist.] 1999, pet. denied) (op. on reh'g). First, the reviewing court must examine the record for evidence supporting the finding or failure to find, while ignoring evidence to the contrary. Second, if there is no evidence to support the finding or failure to find, the reviewing court will then examine the entire record to determine whether the contrary proposition is established as a matter of law. *Id.*

■ Here, appellee presented two experts, Drs. Randall Schumaker and Robert Mendro, both of whom testified that release of the information would violate the privacy and confidentiality of DISD schoolchildren. Dr. Schumaker, a professor at the University of North Texas who has studied statistical analysis for thirty years, testified that he requested little of the information sought by appellants yet was able to independently identify the children with this "very little information." Dr. Schumaker made his study "by hand," not computer, and it took "just a few minutes." In the courtroom, Dr. Schumaker demonstrated several times for jurors that he could trace a student's identification with the information requested by appellants using a school directory. After the demonstrations, he testified it was "very easy" to trace personal identification information of children.

Similarly, Dr. Mendro, DISD assistant superintendent for research and evaluation, testified that releasing the information "would allow the identification of test scores." According to Dr. Mendro, appellants wanted to use individual random numbers to mask the student data; however, he was able to discern identification of individual students despite the masking by

random numbers. Dr. Mendro said he matched the pattern of student enrollment from year to year with patterns of enrollment from publicly available student directories and was able to identify students. According to Dr. Mendro, he was able to match 550 of 800 students at Thompson Elementary School in less than one minute. To match the data for the 400,000 students passing through DISD during the eleven-year period would take less than twenty minutes. Dr. Mendro performed his test by computer and said the information was "easily traceable."

This is some evidence to support the jury's finding that the information, in the form requested by appellants, was easily traceable by parties outside the district so as to identify a student at some later time. Accordingly, the evidence is legally sufficient to support the jury's finding. We resolve the third issue against appellants.

In their fourth issue, appellants assert that judgment notwithstanding the verdict should have been granted because (1) the uncontroverted evidence showed that DISD in no way sought to follow procedures, timeliness, or responses to requests mandated by the Texas Public Information Act; (2) the jury found the information was not personally identifiable information and thus not covered by FERPA; (3) public policy is that the Public Information Act should be liberally construed in favor of disclosure. As for the first and third sub-issues, neither is adequately briefed. *See* Tex.R.App. P. 38.1(h). As for the second sub-issue, we have adequately explained and rejected this complaint. We resolve the fourth issue against appellants.

We affirm the trial court's judgment.