IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00435-CV

 

Isaac
Faulk & 

Transit
Mix Concrete & Materials Co.,

                                                                                    Appellants

 v.

 

Collie
Bluitt,

                                                                                    Appellee

 

 

 



From the 13th District Court

Navarro
 County, Texas

Trial Court No. 04-00-13061-CV

 



O p i n
i o n



 








            Collie
Bluitt was injured in a motor vehicle accident when his car collided with a
Transit Mix concrete truck being driven by Isaac Faulk.  The evidence as to who
caused the accident was controverted:  Bluitt and his witness testified that
Faulk swerved into Bluitt’s lane and caused the accident, while Faulk and his
witness testified that Faulk maintained his lane.  The investigating police
officer was unable to determine who caused the accident and did not assign
fault to either driver.

            At
trial, the jury likewise had difficulty determining fault.  The trial court
submitted a three-question comparative negligence charge to the jury.  During
deliberations, the jury sent a note to the trial court, inquiring:  “If we find
neither party negligent both equally @ fault do we have to access [sic] damage?
(money).”  The trial court responded with the following written instruction: 
“Please answer Question No. 1 and Question No. 2 based upon the instructions in
the Charge and the evidence submitted.  If you have additional questions after
addressing these matters, please feel free to seek further instructions from
the Court.”

            The
jury then returned a verdict that neither Faulk nor Bluitt was negligent, but
despite a conditioning instruction, answered Question No. 2 on the parties’
comparative negligence:

QUESTION
NO. 1

            Did the
negligence, if any, of the persons named below proximately cause the collision
in question?

 

            Answer
“Yes” or “No”:

 

            ANSWER:



                        Collie
Bluitt       NO

 

                        Isaac
Faulk         NO

 

If
you have answered “Yes” to Question No. 1 for more than one of those named
below, then answer the following question.  Otherwise, do not answer the
following question.

 

The
percentages you find must total 100 percent (100%).  The percentages must be expressed
in whole numbers. . . .

 

 

QUESTION NO. 2

 

            What
percentage of the negligence that caused the occurrence do you find to be
attributable to each of those listed below and found by you in your answer to
Question 1, to have been negligent?

 

a.         Collie
Bluitt       50%

 

            b.         Isaac
Faulk         50%

 

            Question
3 asked the jury to award damages; it was not preceded by a conditioning
instruction.  The jury answered it, awarding damages totaling $236,167.62.

            Because
of the jury’s apparent confusion between findings of “no negligence” on each
party and “equal negligence” of each party, combined with the jury’s failure to
follow the charge’s conditioning instruction by answering Question 2, the trial
court did not accept the verdict.  The trial court sent the jury home with
instructions to return the next day, and overnight the parties were permitted
to brief the questions raised by the jury’s answers.  The next day, Faulk moved
for a take-nothing judgment based on the jury’s initial answer to Question 1.  The
trial court denied the motion and instead sent the jury to deliberate further
with the following written instruction:

In Question Number 1
you have found that a preponderance of the evidence does not establish that
either party was guilty of negligence which proximately caused the collision in
question.  The Court’s previous instructions provide if you have answered yes
to Question Number 1 for more than one of these named below, then answer the
following question.  Otherwise, do not answer the following question. 
Irrespective of this instruction to Question 2 you have assigned negligence to
both parties.  Please retire to consider these and previous instructions of the
Court relative to Questions Number 1 and Number 2.

 

The
jury deliberated further and then returned an 11-1 verdict.  This time, on
Question 1, the jury found that Bluitt was not negligent but that Faulk was.  The
previous “NO” answer for Faulk was scratched out and “YES” was written beside
it.  The jury changed its answers to Question 2, scratching out the “50%” answers
for Bluitt and Faulk and writing “0%” for each with the word “BLANK” under each
“0%”.[1]  And
finally, the jury changed its answers to Question 3, increasing its damages
award to $318,667.50.

Faulk
again moved for a take-nothing judgment based on the jury’s first answers to
Question 1, but the trial court entered judgment in Bluitt’s favor, awarding
him the sum of $318,667.50.  Faulk and Transit Mix now appeal.  We will affirm.

Faulk’s
first issue complains that the trial court erred when it resubmitted the charge
to the jury because, Faulk asserts, there was a reasonable basis to reconcile
the jury’s apparently conflicting original answers to Questions 1 and 2.  Faulk
concludes that the trial court erred by not entering a take-nothing judgment
against Bluitt based on the jury’s original answers to Question 1.

Faulk
correctly contends that a court has the duty to reconcile apparently
conflicting jury findings.  See Signal Oil & Gas v. Universal Oil Prod.,
572 S.W.2d 320, 326 (Tex. 1978).  He states the correct question and test for
when jury findings apparently conflict:  whether there is any reasonable basis
on which the apparently conflicting jury findings may be reconciled.  See
Bender v. Southern Pac. Transp. Co., 600 S.W.2d 257, 260 (Tex. 1980).  The
“court must consider each of the answers claimed to be in conflict,
disregarding the alleged conflicting answer but taking into consideration all
of the rest of the verdict, and if, so considered, one of the answers would
require a judgment in favor of the plaintiff and the other would require a
judgment in favor of the defendant, then the answers are fatally in conflict.” 
Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985,
991 (1949); see Otis Spunkmeyer, Inc. v. Blakely, 30 S.W.3d 678,
689 (Tex. App.—Dallas 2000, no pet.).  Faulk is also correct that, had the
trial court accepted the jury’s original answers, there would not have been a
fatal conflict and the trial court should have entered a take-nothing judgment
against Bluitt; the test is not met when the jury finds that a defendant is not
negligent in the liability question but then apportions him a percentage of
responsibility in the comparative negligence question.  See Young v. Cox
Foodarama, Inc., 672 S.W.2d 891, 892 (Tex. App.—Houston [1st Dist.] 1984,
no writ); Tennessee Gas Pipeline Co. v. Hartman, 556 S.W.2d 616, 619
(Tex. Civ. App.—Corpus Christi 1977, orig. proceeding); Ingles v. Cohen,
543 S.W.2d 455, 457 (Tex. Civ. App.—Waco 1976, writ ref’d, n.r.e.).

But
we agree with Bluitt that this case does not fall within the above rubric
because the trial court did not accept the jury’s verdict and instructed the
jury to deliberate further.  There is only one verdict in a case, and it is the
one accepted and ordered filed by the trial court.  McCarty v. Morrison,
468 S.W.2d 350, 351-52 (Tex. 1971); Harris County v. Patrick, 636 S.W.2d
211, 212, 214 (Tex. App.—Texarkana 1982, no writ); Robertson Tank Lines,
Inc. v. Sawyer, 416 S.W.2d 886, 889 (Tex. Civ. App.—Corpus Christi 1967, no
writ); see Tex. R. Civ. P.
293.  The Dallas court recently observed:

It
is well-settled law that a verdict does not become an official act that is
effective in law until it has been received and accepted by the court.  See
Dilbeck v. Ideal Bread Co., 562 S.W.2d 563, 564 (Tex. Civ. App.—Texarkana
1978, no writ); Jones v. Square Deal Cab Co., 501 S.W.2d 746, 748 (Tex.
Civ. App.—Houston [14th Dist.] 1973, writ ref’d n.r.e.); King v. Smith,
459 S.W.2d 202, 204 (Tex. Civ. App.—Corpus Christi 1970, no writ); Wheeler
v. Oxford, 321 S.W.2d 188, 190 (Tex. Civ. App.—Eastland 1959, no writ); Lee
v. Galbreath, 234 S.W.2d 91, 95 (Tex. Civ. App.—El Paso 1950, writ ref’d
n.r.e.).  It follows that, until such time as the trial court accepts the
jury’s verdict, a judgment may not be rendered thereon.

 

In
the present case, the trial court expressly refused to accept, as the jury’s
verdict, the jury’s answers to the unamended charge.  The trial court had no
duty to render judgment on jury answers that had not yet been accepted as a verdict
because such answers had no legal effect.  See Dilbeck, 562 S.W.2d at
564; Jones, 501 S.W.2d at 748; King, 459 S.W.2d at 204; Wheeler,
321 S.W.2d at 190; Lee, 234 S.W.2d at 95.

 

Blakely,
30 S.W.3d at 692.  Until the trial court accepts a verdict, jurors may change
their vote and render a different verdict.  See Sharp v. Reynolds, 395
S.W.2d 725, 727 (Tex. Civ. App.—Amarillo 1965, no writ); State v. Finch,
349 S.W.2d 780, 782 (Tex. Civ. App.—San Antonio 1961, no writ); see also
Tex. R. Civ. P. 294.

            We
thus focus on whether the trial court had discretion, under the circumstances
of this case, not to accept the jury’s original answers and to instruct the
jury to deliberate further.  Texas Rule of Civil Procedure 295 controls; it
provides:

If the purported
verdict is defective, the court may direct it to be reformed.  If it is
incomplete, or not responsive to the questions contained in the court’s
charge, or the answers to the questions are in conflict, the court shall
in writing instruct the jury in open court of the nature of the incompleteness,
unresponsiveness, or conflict, provide the jury with such additional
instructions as may be proper, and retire the jury for further deliberations.

 

Tex. R. Civ. P. 295 (emphases added). 
Rule 295 thus authorizes further instruction to the jury if the verdict is incomplete,
nonresponsive to the questions contained in the court’s charge, or
contains answers that are in conflict.  Fish v. Dallas ISD, 170 S.W.3d
226, 229 (Tex. App.—Dallas 2005, pet. denied); Archer Daniels Midland Co. v.
Bohall, 114 S.W.3d 42, 46 (Tex. App.—Eastland 2003, no pet.); Patrick,
636 S.W.2d at 213.  And the Houston First recently held that a trial court,
under Rule 295, properly resubmitted a question with an additional instruction
because the jury’s original answer was ambiguous and created confusion.  Adams
v. Allstate County Mut. Ins. Co., 199 S.W.3d 509, 511-12 (Tex. App.—Houston [1st Dist.] 2006, pet. filed).  Rule 295 “allows a trial court to clarify a verdict
by instructing the jury of the nature of the ambiguity or conflict and retiring
the jury for further deliberations.”  Id. at 512.

            In
this case, the jury’s original answers were not responsive to the trial court’s
instructions in the charge, and its note and original answer to Question 2
reflected confusion.  Harris County v. Patrick involved a similar but
not identical situation.  There, the trial court did not accept a verdict
because it believed that some of the verdict answers conflicted, even though
the trial court could have reconciled them.  Patrick, 636 S.W.2d at 212-13. 
The trial court instructed the jury to continue deliberations on the verdict
answers at issue, and the court of appeals held that this was not an abuse of
discretion.  Id. at 212, 214; see id. at 213 (“We would be remiss
in our duty if we held that the trial court’s action did not comply with Rule
295 because the trial court, in the heat of the litigation process, did not
quickly realize that the answers which it thought conflicted merely were in
‘apparent’ conflict.  Such an interpretation would frustrate the objective of
the Rules of Civil Procedure as provided in Rule 1.”).

We
believe that the jury’s nonresponsive answer to Question 2, coupled with its
prior note, confirmed the jury’s confusion and warranted the trial court’s
action of having the jury retire to continue deliberations with additional
instructions.  See Adams, 199 S.W.3d at 511-12.  “The judge is the
supervisor of court proceedings and our law does not contemplate that every
jury will function perfectly.  Therefore, broad discretion is vested in the
trial judge to aid in administering and expediting the fact finding process.”  Patrick,
636 S.W.2d at 213 (citing Stevens v. Travelers Ins. Co., 563 S.W.2d 223,
228 (Tex. 1978)).  As a matter of public policy—as we liberally construe Rule 295’s
purpose as directed under Rule 1—when the jury is still “in the box,” the trial
court should have discretion to have the jury deliberate further when its
answers are nonresponsive and the record reflects jury confusion.  See id.
at 213 (citing and quoting Tex. R. Civ.
P. 1:  “The proper objective of rules of civil procedure is to obtain a
just, fair, equitable and impartial adjudication of the rights of litigants
under established principles of substantive law.  To the end that this
objective may be attained with as great expedition and dispatch and at the
least expense to both litigants and to the state as may be practicable, these
rules shall be given a liberal construction.”).

We
hold that the trial court had discretion under Rule 295 to order the jury to
continue deliberations because the original verdict answers were nonresponsive
and reflected jury confusion, and the trial court neither erred nor abused its
discretion under the circumstances of this case.  See Adams, 199 S.W.3d
at 511-12; Patrick, 636 S.W.2d at 212, 214.  We thus overrule Faulk’s
first issue.

Issue
two asserts that the trial court erred in entering judgment against Faulk and
Transit Mix because the trial court had already granted a directed verdict for
Transit Mix.  Bluitt concedes this error.  We thus sustain issue two and modify
the trial court’s judgment to reflect that “Plaintiff recover from Defendant
Isaac Faulk.”  As modified, the trial court’s judgment is affirmed.

 

 

 

BILL VANCE

Justice

 

Before Chief Justice Gray,

            Justice Vance, 

Justice Reyna 

(Chief Justice
Gray dissents without a separate opinion but with this following note.  While
the opinion by Justice Vance is an excellent analysis of the law, it stops
short of where it should.  It fails to address, as argued by Faulk in the
alternative, that when there is this much confusion the justice of the case demands
another trial.  I would reverse and remand for a new trial.)

Affirmed as modified

Opinion delivered and filed November
29, 2006

[CV06]









[1]
              The foreperson attempted to clarify the answers to Question 2 by
telling the trial court that the jury decided “0%” for both Bluitt and Faulk, but
because of the conditioning instruction before Question 2 and the foreperson’s
specific reference to it, we are unsure whether the jury actually meant to
leave the answers blank.  And in polling the jury, the trial court for the most
part asked each juror if his or her verdict for Question 2 was “0 or blank,”
and the jurors answered affirmatively.