Isaac **FAULK** & Transit Mix Concrete & Materials Co., Appellants,

v.

Collie **BLUITT**, Appellee.

No. 10–05–00435–CV.

Court of Appeals of Texas, Waco.

Nov. 29, 2006.

Rehearing Overruled Dec. 27, 2006.

Heather Bailey, New, Haynes & Boone LLP, Dallas, for appellants.

William J. Clay, Charles W. McGarry, Law Office of Charles W. McGarry, Dallas, Michael Ace, Michael Ace PC, Tyler, for appellee.

Before Chief Justice GRAY, Justice VANCE, Justice REYNA.

## OPINION

BILL VANCE, Justice.

Collie Bluitt was injured in a motor vehicle accident when his car collided with a Transit Mix concrete truck being driven by Isaac Faulk. The evidence as to who caused the accident was controverted: Bluitt and his witness testified that Faulk swerved into Bluitt's lane and caused the accident, while Faulk and his witness testified that Faulk maintained his lane. The investigating police officer was unable to determine who caused the accident and did not assign fault to either driver.

At trial, the jury likewise had difficulty determining fault. The trial court submitted a three-question comparative negligence charge to the jury. During deliberations, the jury sent a note to the trial court, inquiring: "If we find neither party negligent both equally @ fault do we have to access [sic] damage? (money)." The trial court responded with the following written instruction: "Please answer Question No. 1 and Question No. 2 based upon the instructions in the Charge and the evidence submitted. If you have additional questions after addressing these matters, please feel free to seek further instructions from the Court."

The jury then returned a verdict that neither Faulk nor Bluitt was negligent, but despite a conditioning instruction, answered Question No. 2 on the parties' comparative negligence:

QUESTION NO. 1

Did the negligence, if any, of the persons named below proximately cause the collision in question?

Answer "Yes" or "No":

ANSWER:

Collie Bluitt <u>NO</u>

Isaac Faulk <u>NO</u>

If you have answered "Yes" to Question No. 1 for more than one of those named below, then answer the following question. Otherwise, do not answer the following question.

The percentages you find must total 100 percent (100%). The percentages must be expressed in whole numbers....

QUESTION NO. 2

What percentage of the negligence that caused the occurrence do you find to be attributable to each of those listed below and found by you in your answer to Question 1, to have been negligent?

a. Collie Bluitt <u>50%</u>

b. Isaac Faulk <u>50%</u>

Question 3 asked the jury to award damages; it was not preceded by a conditioning instruction. The jury answered it, awarding damages totaling $236,167.62.

Because of the jury's apparent confusion between findings of "no negligence" on each party and "equal negligence" of each party, combined with the jury's failure to follow the charge's conditioning instruction

by answering Question 2, the trial court did not accept the verdict. The trial court sent the jury home with instructions to return the next day, and overnight the parties were permitted to brief the questions raised by the jury's answers. The next day, Faulk moved for a take-nothing judgment based on the jury's initial answer to Question 1. The trial court denied the motion and instead sent the jury to deliberate further with the following written instruction:

In Question Number 1 you have found that a preponderance of the evidence does not establish that either party was guilty of negligence which proximately caused the collision in question. The Court's previous instructions provide if you have answered yes to Question Number 1 for more than one of these named below, then answer the following question. Otherwise, do not answer the following question. Irrespective of this instruction to Question 2 you have assigned negligence to both parties. Please retire to consider these and previous instructions of the Court relative to Questions Number 1 and Number 2.

The jury deliberated further and then returned an 11–1 verdict. This time, on Question 1, the jury found that Bluitt was not negligent but that Faulk was. The previous "NO" answer for Faulk was scratched out and "YES" was written beside it. The jury changed its answers to Question 2, scratching out the "50%" answers for Bluitt and Faulk and writing "0%" for each with the word "BLANK" under each "0%".[1] And finally, the jury

---

**1.** The foreperson attempted to clarify the answers to Question 2 by telling the trial court that the jury decided "0%" for both Bluitt and Faulk, but because of the conditioning instruction before Question 2 and the foreperson's specific reference to it, we are unsure whether the jury actually meant to leave the answers blank. And in polling the jury, the trial court for the most part asked each juror if his or her verdict for Question 2 was "0 or blank," and the jurors answered affirmatively.

changed its answers to Question 3, increasing its damages award to $318,667.50.

Faulk again moved for a take-nothing judgment based on the jury's first answers to Question 1, but the trial court entered judgment in Bluitt's favor, awarding him the sum of $318,667.50. Faulk and Transit Mix now appeal. We will affirm.

Faulk's first issue complains that the trial court erred when it resubmitted the charge to the jury because, Faulk asserts, there was a reasonable basis to reconcile the jury's apparently conflicting original answers to Questions 1 and 2. Faulk concludes that the trial court erred by not entering a take-nothing judgment against Bluitt based on the jury's original answers to Question 1.

■■■ Faulk correctly contends that a court has the duty to reconcile apparently conflicting jury findings. *See Signal Oil & Gas v. Universal Oil Prod.*, 572 S.W.2d 320, 326 (Tex.1978). He states the correct question and test for when jury findings apparently conflict: whether there is any reasonable basis on which the apparently conflicting jury findings may be reconciled. *See Bender v. Southern Pac. Transp. Co.*, 600 S.W.2d 257, 260 (Tex.1980). The "court must consider each of the answers claimed to be in conflict, disregarding the alleged conflicting answer but taking into consideration all of the rest of the verdict, and if, so considered, one of the answers would require a judgment in favor of the plaintiff and the other would require a judgment in favor of the defendant, then the answers are fatally in conflict." *Little Rock Furniture Mfg. Co. v. Dunn*, 148 Tex. 197, 222 S.W.2d 985, 991 (1949); *see Otis Spunkmeyer, Inc. v. Blakely*, 30 S.W.3d 678, 689 (Tex.App.-Dallas 2000, no pet.). Faulk is also correct that, had the trial court accepted the jury's original answers, there would not have been a fatal conflict and the trial court should have

entered a take-nothing judgment against Bluitt; the test is not met when the jury finds that a defendant is not negligent in the liability question but then apportions him a percentage of responsibility in the comparative negligence question. *See Young v. Cox Foodarama, Inc.*, 672 S.W.2d 891, 892 (Tex.App.-Houston [1st Dist.] 1984, no writ); *Tennessee Gas Pipeline Co. v. Hartman*, 556 S.W.2d 616, 619 (Tex.Civ.App.-Corpus Christi 1977, orig. proceeding); *Ingles v. Cohen*, 543 S.W.2d 455, 457 (Tex.Civ.App.-Waco 1976, writ ref'd, n.r.e.).

■■■ But we agree with Bluitt that this case does not fall within the above rubric because the trial court did not accept the jury's verdict and instructed the jury to deliberate further. There is only one verdict in a case, and it is the one accepted and ordered filed by the trial court. *McCarty v. Morrison*, 468 S.W.2d 350, 351–52 (Tex.1971); *Harris County v. Patrick*, 636 S.W.2d 211, 212, 214 (Tex. App.-Texarkana 1982, no writ); *Robertson Tank Lines, Inc. v. Sawyer*, 416 S.W.2d 886, 889 (Tex.Civ.App.-Corpus Christi 1967, no writ); *see* Tex.R. Civ. P. 293. The Dallas court recently observed:

It is well-settled law that a verdict does not become an official act that is effective in law until it has been received and accepted by the court. *See Dilbeck v. Ideal Bread Co.*, 562 S.W.2d 563, 564 (Tex.Civ.App.-Texarkana 1978, no writ); *Jones v. Square Deal Cab Co.*, 501 S.W.2d 746, 748 (Tex.Civ.App.-Houston [14th Dist.] 1973, writ ref'd n.r.e.); *King v. Smith*, 459 S.W.2d 202, 204 (Tex.Civ. App.-Corpus Christi 1970, no writ); *Wheeler v. Oxford*, 321 S.W.2d 188, 190 (Tex.Civ.App.-Eastland 1959, no writ); *Lee v. Galbreath*, 234 S.W.2d 91, 95 (Tex.Civ.App.-El Paso 1950, writ ref'd n.r.e.). It follows that, until such time as the trial court accepts the jury's ver-

dict, a judgment may not be rendered thereon.

In the present case, the trial court expressly refused to accept, as the jury's verdict, the jury's answers to the un-amended charge. The trial court had no duty to render judgment on jury answers that had not yet been accepted as a verdict because such answers had no legal effect. *See Dilbeck*, 562 S.W.2d at 564; *Jones*, 501 S.W.2d at 748; *King*, 459 S.W.2d at 204; *Wheeler*, 321 S.W.2d at 190; *Lee*, 234 S.W.2d at 95. *Blakely*, 30 S.W.3d at 692. Until the trial court accepts a verdict, jurors may change their vote and render a different verdict. *See Sharp v. Reynolds*, 395 S.W.2d 725, 727 (Tex.Civ.App.-Amarillo 1965, no writ); *State v. Finch*, 349 S.W.2d 780, 782 (Tex. Civ.App.-San Antonio 1961, no writ); *see also* Tex.R. Civ. P. 294.

We thus focus on whether the trial court had discretion, under the circumstances of this case, not to accept the jury's original answers and to instruct the jury to deliberate further. Texas Rule of Civil Procedure 295 controls; it provides:

> If the purported verdict is defective, the court may direct it to be reformed. If it is incomplete, *or* not responsive to the questions contained in the court's charge, *or* the answers to the questions are in conflict, the court shall in writing instruct the jury in open court of the nature of the incompleteness, unresponsiveness, *or* conflict, provide the jury with such additional instructions as may be proper, and retire the jury for further deliberations.

Tex.R. Civ. P. 295 (emphases added). Rule 295 thus *authorizes further instruction to the jury if the verdict is incomplete, nonresponsive to the questions contained in the court's charge, or contains answers that are in conflict. Fish v. Dallas ISD*, 170 S.W.3d 226, 229 (Tex.App.-Dallas 2005,

pet. denied); *Archer Daniels Midland Co. v. Bohall*, 114 S.W.3d 42, 46 (Tex.App.-Eastland 2003, no pet.); *Patrick*, 636 S.W.2d at 213. And the Houston First recently held that a trial court, under Rule 295, properly resubmitted a question with an additional instruction because the jury's original answer was ambiguous and created confusion. *Adams v. Allstate County Mut. Ins. Co.*, 199 S.W.3d 509, 511–12 (Tex.App.-Houston [1st Dist.] 2006, pet. filed). Rule 295 "allows a trial court to clarify a verdict by instructing the jury of the nature of the ambiguity or conflict and retiring the jury for further deliberations." *Id.* at 512.

In this case, the jury's original answers were not responsive to the trial court's instructions in the charge, and its note and original answer to Question 2 reflected confusion. *Harris County v. Patrick* involved a similar but not identical situation. There, the trial court did not accept a verdict because it believed that some of the verdict answers conflicted, even though the trial court could have reconciled them. *Patrick*, 636 S.W.2d at 212–13. The trial court instructed the jury to continue deliberations on the verdict answers at issue, and the court of appeals held that this was not an abuse of discretion. *Id.* at 212, 214; *see id.* at 213 ("We would be remiss in our duty if we held that the trial court's action did not comply with Rule 295 because the trial court, in the heat of the litigation process, did not quickly realize that the answers which it thought conflicted merely were in 'apparent' conflict. Such an interpretation would frustrate the objective of the Rules of Civil Procedure as provided in Rule 1.").

We believe that the jury's nonresponsive answer to Question 2, coupled with its prior note, confirmed the jury's confusion and warranted the trial court's action of having the jury retire to continue

deliberations with additional instructions. *See Adams,* 199 S.W.3d at 511–12. "The judge is the supervisor of court proceedings and our law does not contemplate that every jury will function perfectly. Therefore, broad discretion is vested in the trial judge to aid in administering and expediting the fact finding process." *Patrick,* 636 S.W.2d at 213 (citing *Stevens v. Travelers Ins. Co.,* 563 S.W.2d 223, 228 (Tex.1978)). As a matter of public policy—as we liberally construe Rule 295's purpose as directed under Rule 1—when the jury is still "in the box," the trial court should have discretion to have the jury deliberate further when its answers are nonresponsive and the record reflects jury confusion. *See id.* at 213 (citing and quoting Tex.R. Civ. P. 1: "The proper objective of rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law. To the end that this objective may be attained with as great expedition and dispatch and at the least expense to both litigants and to the state as may be practicable, these rules shall be given a liberal construction.").

We hold that the trial court had discretion under Rule 295 to order the jury to continue deliberations because the original verdict answers were nonresponsive and reflected jury confusion, and the trial court neither erred nor abused its discretion under the circumstances of this case. *See Adams,* 199 S.W.3d at 511–12; *Patrick,* 636 S.W.2d at 212, 214. We thus overrule Faulk's first issue.

Issue two asserts that the trial court erred in entering judgment against Faulk and Transit Mix because the trial court had already granted a directed verdict for Transit Mix. Bluitt concedes this error. We thus sustain issue two and modify the trial court's judgment to reflect that "Plaintiff recover from Defendant Isaac Faulk." As modified, the trial court's judgment is affirmed.

(Chief Justice GRAY dissents without a separate opinion but with this following note. While the opinion by Justice VANCE is an excellent analysis of the law, it stops short of where it should. It fails to address, as argued by FAULK in the alternative, that when there is this much confusion the justice of the case demands another trial. I would reverse and remand for a new trial.).